Judge Cabell
delivered his opinion, in which the other Judges concurred.*
The sheriff of Kanawha county, by virtue of an execution against the goods and chattels of the appellant, sold a slave belonging to the appellant, at public sale, and the appellee became the purchaser thereof. The object of the bill, in this case, is to recover back the slave; and the question is, whether a Court of Equity ought to interfere for that purpose, under the circumstances attending the case.
The sale is objected to on three grounds: 1. That the deputy sheriff was so interested as to be incapable, in point of law, of acting as sheriff on this execution; he having once owned, and having assigned the judgment: 2. That the sheriff refused to receive from the appellant, a forthcoming bond with good security: and 3. That he sold the slave without having him present at the time and place of sale, the said slave having previously run-away.
*431 There is no allegation in the bill, of any fraud or collusion in the appellee, nor of any knowledge by him of any fraud or improper conduct on the part of the sheriff.
If the proceedings under the execution were wholly void, no title passed by the sale to the purchaser, and there was no impediment to an action of detinue in a Court of Law.
If, as was contended by the counsel for the appellant, the levying of the execution was so far valid as to bind the property, but the sale thereof was void on account of the interest or improper conduct of the sheriff who made the sale,' still the appellant had complete redress at law. The Court, from which the execution had issued, would, on application, have corrected the abuse of its process, by quashing the execution, setting aside the sale, and restitution of the property might have been enforced at law.
In neither event, therefore, ought a Court of Equity to interfere.
But, I am clearly of opinion, that the title to the property passed by the sale to the appellee. He is a fair purchaser, without imputation of fraud or collusion, and without knowledge of any improper conduct on the part of the officer.
The mere circumstance of the sheriff having sold the property without its being present-at the time and place of sale, is not, of itself, sufficient to vacate the sale. Such sale may, under circumstances, be right and proper. There is no proof of such loss to the appellant, as would justify the Court of Equity to interfere, even if it had jurisdiction. If the sheriff has been guilty of improper conduct in this respect, or in refusing to receive a delivery bond when he ought to have received it,' he is responsible for damages in an action at law, to those who may be injured.
This case is very different from that of Carter v. Harris, lately decided in. this Court. In that case, the sheriff was the plaintiff in the judgment. He sold the property under the execution, and became himself the purchaser, *432 after having fraudulently taken measures to prevent others from bidding, or giving a fair price for it. It was his own personal fraud that justified the interference of equity. There is no such ingredient in this case, and the decree ought to be affirmed.

 The President and Judge Coaeteb., absent.