Mr. Chief Justice Sharkey
delivered the following opinion.
The plaintiff in error brought ejectment for a lot of land in the city of Natchez, and to the opinion of the court in ruling out his title papers, he excepted.
He claimed title to the lot in controversy, as the purchaser at *620 a sale made by the marshal of the southern district of Mississippi, and introduced the judgment and a fieri facias thereon, which was levied on the lot, but the sale was suspended by supersedeas. He also offered in evidence a venditioni exponas, under which the lot was sold, and the marshal’s return thereon, but the return was objected to, and ruled out, on the ground that it showed the advertisement of the sale to have been illegal. In the return the marshal certifies that he offered the lot at public sale at the door of the court-house of Adams county, on the 17th of January, 1842, “legal notice of which sale he had given in the public newspaper called the Courier, published in the city of Natchez,” and that William J. Minor was the highest and best bidder, and declared to be the purchaser. The plaintiff next offered to read the deed from the marshal, but this also was objected to and ruled out.
The validity of the sale made in the manner stated in the return, is the important question in the cause. If that was valid, of course the deed was improperly ruled out, but if it was invalid, the purchaser acquired no title, and both the return and the deed were properly rejected. The supposed defect in the sale, consists in the illegality of the advertisement made by the marshal, he having advertised in a newspaper, when the law points out a different mode. That this objection may be understood, it is necessary to refer to the statutory provisions on the subject of sheriff’s sales, which contain the law also in reference to the marshal. By the 17th section of the law in relation to executions, H. & H. Dig. 633, it is provided that no sheriff shall sell property by virtue of an execution in a private manner, but such sale shall be at the court-house door, on the first and third Mondays in every month, and shall not commence before eleven o’clock, A. M., nor continue later than four o’clock, P. M. “ And the sheriff or other officer shall give, in the case of personal property, at least ten days public notice; and in the case of lands and tenements, at least thirty days public notice of such sale, by advertisement at the door of the court-house of his county, and at two other public places within the same; one of which shall be in the vicinage or neighborhood at which the *621 property was taken; and also in one of the public gazettes, if there be one published in his county.” This act was repealed in 1841, by an act which is entitled “ an act to prevent unnecessary charges against debtors,” which provides that sales shall be advertised by posting up notices in at least five public places in the county, one of which shall be at the court-house door. By the third section of this repealing act it is declared that its provisions shall not extend to cases in which the defendant may request that the notice shall be given in a newspaper, if such request be made at the time of the levy. By a rule of the United States court, this law was adopted before the sale in this instance, as applicable to execution process emanating from that court.
As the law then required the marshal to advertise by posting up notices in five public places, it is clear, from his return, that he has committed an irregularity by departing from the law, unless he acted on the request of the defendant. It was said in argument, and very truly, that to advertise in a newspaper is not necessarily a violation of the law, it is the proper mode when the defendant requests that the sale should be so advertised ; and on this account the propriety of the decision in ruling out the return, might well be questioned. The plaintiff might have been prepared to support the return by the proper evidence of a request made by the defendant; but we pass that by, and proceed to the more important question.
Does this irregularity of the marshal vitiate his sale % It is not pretended that there Avas any defect in the judgment, or in the execution. The object of the law in requiring that sales shall be advertised is plain enough. It was designed to prevent a sacrifice of property. The sheriff is the officer of the court, who acts under an official responsibility to the court, as well as to the parties. The execution is his warrant, and he is bound to obey its mandate. When he does so, it is the policy of the law that purchasers at his sales should be protected. The law does not impose it as a duty on purchasers to look into the regularity of the judgments and executions under Avhich they purchase. Hence if a sheriff sell under a judgment which *622 is afterwards reversed, the purchaser is not affected. The owner of the property is restored to the proceeds, but not to the property. 2 Tidd’s Prac. 1033, 1186. And so if he sell under an execution which is irregular. Ib. 1032. If the law will not vacate a sale made under an irregular judgment, it would seem to follow as a, legitimate consequeuce, that it will not avoid a sale for an irregularity of the sheriff. The policy of sustaining the sale, must be as strong in the one case as in the other. Indeed there is a stronger reason why the irregularity of the sheriff should be disregarded; the injured party has his remedy against the sheriff; whereas he is without remedy in case the judgment be irregular. The sheriff, being the accredited officer of the law, is presumed to act in obedience to law, and the community has a right to rest upon the presumption that he acts correctly, and the law sustains rights acquired under that presumption. He derives his authority to sell, from the judgment and execution, not from the advertisement. The purchaser is not put upon inquiry as to the regularity of the judgment and execution. In the official character of the sheriff, and his general power derived from that character, purchasers have a guaranty that they will be protected in their title. If this law is to be so construed as to defeat a sale for the irregularity of the advertisement, the object of the law requiring public notice to be given, is defeated. Property will never command its value, when the purchaser’s title is to depend upon the regularity of the notices of sale. No one would buy, unless satisfied that proper notice had been given, a fact not likely to be known by many, and perhaps by none, of the bystanders at a sheriff’s sale. Titles to land must be matters of record, but if the notices given by the sheriff are to constitute a link in the chain of title, it will no doubt often happen that this link must be supplied by parol testimony. I suppose if the sheriff is not authorized to sell without the proper notices of sale, that it will in all cases be incumbent on his vendee to show that he has complied with the law in this respect. If giving the proper number of notices at proper places, constitute a condition precedent, the performance must be proved. It is on this principle *623 that the purchaser at sheriff’s sale must produce the judgment and execution. How is the purchaser to protect himself? The law does not require any evidence of these notices to be perpetuated. The notices áre matters in pais, constituting no part of the record. If the sheriff should happen to return that he had given proper notice, this would not mend the matter. The counsel for the defendants in error has insisted that the recitals in the deed are not evidence, and has cited authorities which sustain that position. The sheriff’s return would not he conclusive evidence, even if he was bound to certify in his return that he had given the requisite notices, but he is not. The purchaser then, in many cases at least, would be driven to a bill to perpetuate testimony, or run the risk of losing his land for a defect in his title. The effect of vacating the sale is to make titles depend upon parol proof Suppose the sheriff should return that he had advertised at five public places, it would be competent for the defendant to prove that they were not public places, and thus vacate the sale, for it is as important that the notices should be given at public places, as that they should be given at all. With all these obstacles in view, does it not necessarily follow, that the property of the unfortunate debtor must, in many instances, fail to bring a sum which bears any proportion to its true value ? The notice maybe given in a newspaper if the defendant should so request. Such request then becomes a requisite to a complete title, but how is the purchaser to be prepared to prove it? It is not necessarily to be made in writing, and if so made, it does not become record evidence. These consequences are serious, and must show that to hold a sale void because of an irregularity in the officer, without an express' authority for so deciding, would come in conflict with that policy in the law which protects bona fide purchasers at sheriffs’ sales.
With the utmost desire to arrive at a conclusion which will accord with the principles of the law, we have sought for all the lights to be derived from adjudged cases, which to some extent will be reviewed. In the case of Doe ex dem. Vancampen v. Snyder, 3 How. 66, the counsel, who now insists that *624 this sale is void, succeeded in maintaining that a sale of land made under an execution which was afterwards quashed, was valid. The authorities there introduced, held that a sale under execution after the judgment had been paid was valid, which was also true in the case referred to in 3 Howard. One of the cases there cited, even held that a sale under a void execution was valid. The case of Cooper’s Lessee v. Galbraith, 3 Wash. C. C. Rep. 546, was cited, and on that case the court seems mainly to have relied. It was there decided that in ejectment by the purchaser at sheriff’s sale, against the defendant in execution, the plaintiff need only produce the judgment, the execution, aud the sheriff’s deed, and that the defendant will not be permitted to controvert such title; that the sheriff acts as the agent of the defendant, fully empowered to sell, and the defendant receives the purchase-money by having it applied in discharge of his debt; on which the law raises a contract in like manner as if the conveyance had been made by the defendant. This doctrine operates powerfully against the defendants in error, who were also defendants in the execution under which the plaintiff purchased. In Saunders v. Caldwell, 1 Cow. 622, it seems to be admitted as the settled law, that a bona fide purchaser at sheriff’s sale, acquires a good title as against the defendant in execution, unless it is not only voidable, but absolutely void.
The case of Hamilton v. Shrewsbury, 4 Rand. 427, decides that a bona fide purchaser at sheriff’s sale is not affected by the irregularities or improper conduct of the sheriff. The same doctrine has been recognized in Massachusetts, notwithstanding the reliance on the decisions of the supreme court of that state to establish the reverse of this doctrine. In the case of Titcomb v. Marine and Fire Insurance Company, 8 Mass. R. 326, the court held the law to be that delays or irregularities in levying the execution, or in the proceedings of the officer, would not defeat the title of a purchaser of personal property, although the officer might be liable.
The case of Wheaton v. Sexton, 4 Wheat. 503, is a strong one to the same effect. Land was sold after the return day of the execution, which was in fact never returned, .and the pur *625 chaser brought ejectment against the defendant in execution. The court say, “ the purchaser depends upon the judgment, the levy, and the deed. All other questions are between the parties to the judgment and the marshal.”
In the case of Jackson ex dem. Ten Eyck v. Walker, 4 Wend. 462, an objection was taken to the sheriff’s return because it did not describe the land. This was held unnecessary, and Chief Justice Savage remarked, that he must describe it in his advertisement ; but even if he failed to comply with the directions of the statute in that respect, the title of the purchaser would not be affected by his neglect. This rule seems generally to prevail in the decisions in New York, not as was contended, in virtue of any statutory provision, but on common law principles.
This question has been frequently raised in other states, and has been decided directly in favor of the validity of a sale made after irregular notice. In the case of Lawrence v. Speed, 2 Bibb, 401, an objection was taken to the validity of a sale of personal property, on the ground that the sheriff had not advertised the sale according to the statute. The court said the sheriff had not acted in conformity with law, and quoted a part of the act which required that she sheriff should advertise the sale “ at the court-house door, and at the meeting-house door, and most public places within the county;” but, said the court, the act is silent as to the consequences of a failure on the part of the sheriff to comply with the requisitions, and it was decided that although sueh omission might render the sheriff liable, yet the sale was valid; and the same doctrine was afterwards recognized by the same court. 3 J. J. Marshal, 439. Our statute is also silent as to the consequences, and the effect must therefore rest upon general principles.
In Turner v. McCrea, 1 Nott & McCord, 11, the supreme court of South Carolina decided, that the failure of the sheriff to advertise land, did not affect the title of a bona fide purchaser.
In the case of Den ex dem. Osborne v. Woodson, Hay. N. C. Rep. 24, on the trial of an action of ejectment, an objection was taken that the land had been sold by the sheriff under execu *626 tion, without the forty days notice which the statute required, but it was held that his vendee was not affected by the omission. And in the case of Doe ex dem. Jones v. Fulgham, 3 Murphy, 364, the same question was again raised before the same court, in the trial of an action of ejectment. The sheriff had sold the land under execution without giving the forty days notice, as required by the statute, and it was again held that this irregularity in the officer did not affect the title of a bona fide vendee. In these decisions the policy and object of the law requiring notice to be given, were fully considered, as were also the evils which would result from holding the title of the sheriff’s vendee to be, for that reason, defective. These decisions, being directly on the question now before us, must be entitled to great weight, and they are not in conflict with the authorities introduced by defendant’s counsel, as will be seen from an examination of the cases.
A decision which has been pressed upon us as a direct authority, is the case of Thatcher v. Powell, 6 Wheat. 119. That case was decided under a law differing essentially in its provisions from our statute, and on a principle which does not arise in this case. The sale was made by the sheriff, as tax collector, for the non-payment of taxes by a non-resident. The sheriff’s deed was held to pass no title, for want of jurisdiction in the court. By a law of Tennessee, if non-residents failed to render a list of taxable property, to the justice authorized to receive it, then the sheriff was authorized to levy a distress on personal property; and if there was no personal property, the sheriff was required to report to the county court, whose duty it was to direct the clerk to make out a certificate of the lands liable for the payment of taxes, which was to be published, and if no person paid the taxes within thirty days, then the act directed the court to enter up judgment for the amount of taxes due, on which execution was to issue, under which the sheriff was authorized to sell the land. The defendants in ejectment held under such a deed. The principal objection urged against the validity of this deed, by the supreme court, was that the record of. judgment did not show that the sheriff had reported *627 to the county court that there were no goods and chattels. It was said the act gave no jurisdiction to the court over the land of a delinquent for taxes, until the sheriff had reported no goods and chattels, which the court said was an important fact, and ought to appear on the record. It was also said the record was defective, in not showing that the publications had been made which were required by the act. What was the principle on which this decision was based 1 It was distinctly stated by Chief Justice Marshall, in this language: “In summary proceedings, where a court exercises an extraordinary power under a special statute prescribing its course, we think that course ought to be exactly observed; and those facts, especially, which give jurisdiction, ought to appear, in order to show that its proceedings are coram judice. Without this act of assembly, the order for sale would have been totally void. This act gives the power only on a report to be made by the sheriff. This report gives the court jurisdiction, and without it the court is as powerless, as though the act had never passed.” Thus it will be seen, that this case turned not on the power of the sheriff, or the validity of his sale, but on a question of the jurisdiction of the county court, which was a court of special and limited jurisdiction, with regard to which the rule is universal, that the record must show everything which was necessary to give the court jurisdiction.
The case of Stead’s Executors v. Course, 4 Cranch, 403, and Williams v. Peyton’s Lessee, 4 Wheat. 77, were both cases which arose under sales made for the non-payment of taxes. In such cases, the decisions uniformly hold, that the purchaser must show that the collector complied strictly with all the prerequisites of the law, and the reason is, that it is a summary exercise of a special power, expressly delegated by statutes, and the reasoning which applies to courts of special jurisdiction, applies with still greater force to the exercise of this statutory power by a tax collector. His power can only be exercised on certain contingencies, and these contingencies must have happened, and the conditions on which he can act must have been performed, before his act can be valid. His power *628 does not attach, until every prerequisite of the law has been complied with. No presumption arises in favor of the legality of his acts. But it is not so with the sheriff. He derives his power to sell from the judgment of a court of general jurisdiction, and its execution process. The case of Jackson v. Shepard, 7 Cow. 88, was also a question which arose out of a tax collector’s deed, which holds to the same strict rule. So strict, indeed, are the decisions in reference to sales made by tax collectors, that the supreme court of New Hampshire held, that a tax collector’s deed was prima facie void.
We are also referred to the decisions of the supreme court of Massachusetts, none of which are directly to the point. Some of the decisions refer to a title acquired by extent, in which objections were taken to the sufficiency of the sheriff’s return. When a levy is made on land, the sheriff causes it to be appraised, and the creditor takes it at the appraised value. The execution and appraisement are returned to the clerk’s office, and the return operates to pass title. Hence the necessity for a degree of strictness, which does not prevail when the sheriff passes title by deed. But this process seems to be regulated by express statutory provisions, which, of themselves, require that degree of strictness which the courts exact. In the case off Wellington v. Gale, 13 Mass. R. 483, the court held that the tenant, who was a disseizor, had a right to insist that all measures made necessary by law, to vest a title in the sheriff’s vendee, should be proved to have been pursued. It was said that the title of the demandant was wholly under the statute, and he must show a substantial compliance with the requisites of the statute. This was but an equity of redemption, the sale of which seems to be regulated and limited by statute, one requisite of which is, that the debtor shall be personally notified. The principal ground of objection in the case, seems to have been to the officer’s return, because it did not conform to the requisites of the law. The case of Williams v. Amory, 14 Mass. R. 20, was also one in which the validity of the return was questioned, on the ground of a defect in the sheriff’s certificate as to the appraisement. In these cases of extending the *629 land, it passes to the creditor, who is a party to the proceeding, and not to a third person, who is a bona fide purchaser. They, therefore, bear no analogy to an absolute sale by a sheriff, to the highest bidder. On a similar point to that in the case last cited, was the decision, referred to in 15 Pickering, made. We have already seen, that in an absolute sale of chattels by the sheriff under execution, the supreme court of Massachusetts holds to the necessity of protecting the title of the purchaser ; and the transfer of real estate, by execution, must therefore be considered as depending exclusively on the peculiarity of the statutory provisions in relation to that subject.
Several decisions of the supreme court of Tennessee are-entitled to notice, inasmuch as a strict compliance with the directions of the statute, in regard to sheriffs’ sales, has been held necessary. The statute seems to require that written notice of the time and place of sale shall be served upon the defendant, twenty days beforehand. In the case of Trott & Brown v. Me Gavock & Gordon, 1 Yerg. 469, it was held that a sale was void for want of such notice. But the court particularly noticed and quoted a provision in the act, which seems to furnish an ample reason for the decision; that every sale of land made contrary to the provisions of the act should be null and void to all intents and purposes. In the case of Nois’s Lessee v. Purchapile, 5 Yerg. 215, it was held that if the defendant had all the information that a written notice would have given him, and was personally present at the sale, it was sufficient. The question was again before that court in the case of Loyd v. Anglin, 7 Yerg. 428. It seems that personal notice is only required when the defendant is in possession of the land, but when he is not in actual possession, notice in the gazette and at the court-house are necessary. The sheriff did not advertise the land at the court-house, nor regularly in the gazette, as required, and the sale was held to be void. But the court again quoted at length the section, which declared sales made contrary to the provisions thereof absolutely void, and the decision was evidently based upon that provision. These decisions, therefore, strong as they may seem, are not directly in point, in consequence of *630 that peculiarity in the statute of Tennessee, which is not found in ours. There are therefore no decisions which can be said to come in conflict with those cited, which, under a directory statute, hold that the sale is valid, notwithstanding the irregularity. The 17th section of the act referred to begins by declaring, that no sheriff or other officer shall sell any property by virtue of an execution in a private manner, but that he shall sell at public sale at the court-house at particular times. By the latter part of the section it is declared that he shall give notice, in case of personal property, ten days, and in case of real estate, thirty days. It does not declare that he shall not sell without such notice ; nor does it declare the sale void. It can only therefore be regarded as directory as to the latter provision, and any violation of it would no doubt make the officer liable in damages, but cannot affect a bona fide purchaser. What would be the effect of violating the first provision, which prohibits the sheriff from selling in a private manner, we are not now called on to say. The decisions which have been cited from the Louisiana Reports seem to have been made in accordance with the principles of the civil law, and cannot therefore be regarded as authority in a court which is governed by the common law.
It was insisted, in argument, and indeed much pressed upon us, that the sheriff sells land by virtue of a naked statute power, uncoupled with an interest, and therefore the statute must be strictly pursued, or no title passes. If the premises were true, the conclusion would follow. But we cannot yield to the truth of the proposition, that a sheriff sells land under an execution by a naked statutory power. It is founded in an entire misconception of the law. What is a naked statutory power? I suppose it to be a power derived from the statute only. Is it true that the sheriff derives his power from the statute alone ? Have the judgment and execution no agency in the matter ? If it be a naked statute power, they must be useless. The truth is, the sheriff derives his power, not from the statute, but from the judgment and execution. The statute makes real and personal property alike liable to execution. The judgment binds both from the time of its rendition, and the *631 sheriff, being the officer appointed by law to execute the judgment of the court, enforces the liability by sale. It is not controverted that an irregularity in advertising personal property would not vitiate the sale, because that is sold under the common law. The sheriff has a property in it, which entitles him to sell. It is true the sheriff has a qualified property for the purpose of making the money to satisfy the execution, but this is the extent of his qualified property, and he sells, not by virtue of any right in the property, but by virtue of the judgment and execution; hence if the judgment and execution be void, his sale passes no title. But is the common law so much more potent than the statute, that it will hold a sale of chattels to be good, but a sale of land made precisely under the same circumstances to be void 1 The truth is, there is no difference. Both are sold under the statute law, and must be governed by the same rule. A tax collector sells by a naked power, because there is no judgment. The matter begins and ends with him ; hence the statute must be strictly pursued. It is a special power, and like a limited jurisdiction; everything must be shown to make the sale valid. But the sheriff sells under a court of general jurisdiction, and the purchaser depends upon the judgment, the execution, and the deed. The judgment is evidence of the liability of the property, and the execution is evidence of the sheriff’s general authority. The deed and the return were both improperly ruled out, and the judgment must therefore be reversed, and the cause remanded.
Mr. Justice Thachek, having been counsel, gave no opinion.
Mr. Justice Clayton
delivered the^pinidn. of-thcccrnTt.
I concur in the conclusion of the Chief Justice in this case. I think, however, that the act of 1841, of our legislature, in regard to sales under execution, was never legally adopted by the circuit court of the United States for this district, and that it must consequently be thrown out of view in this case. To render a state law valid by adoption in the courts of the United States, it must be adopted as it exists, without any material alteration. The supreme, court of the United States recently *632 expressed, the rule in these terms: “ The act of congress authorizes the court to adopt a change in the process made by a state law, but not to adopt it only in part, or alter it in any respect.” McCraken v. Hayward, 2 How. S. C. Rep. 615. The act of our legislature requires the advertisement of sale to be made at five public places, in the county; the rule of court at three. This amounts to new legislation, and is clearly unauthorized. The rule has no force, and the case must be governed by the law existing before the act of 1841 was passed.
The marshal stated in his return, “that he had given legal notice of the sale in a public newspaper called the Courier, published in the city of Natchez,” and in his deed, that he had given thirty days’ previous notice of the sale. This made out, in my estimation, at least a prima facie case for the plaintiff' under the law as it then existed, and authorized the reading of the deed. If the defendant had then offered proof to rebut this presumption, and to show that legal notice was not in fact given, I am not now prepared to say that such evidence should be excluded. 1 Yerg. 469. I desire to reserve the expression of an opinion upon that point, until a case shall arise which may make it necessary.