Nov. Term,
1858.

CRAWFORD
v.
JOHNSON.

*Friday,
December 3.*

CRAWFORD and Another *v.* JOHNSON and Another.

Under the statute of 1852 (1 R. S. p. 344, § 4), usury, or illegal interest, may exist without the actual loan of money.

Where notes were given for the purchase-money of real estate, drawing 6 per cent. interest, and secured by a mortgage, and other notes were given for 2 per cent. upon the whole amount, so as to reserve 8 per cent. interest: *Held,* that in a suit to foreclose the mortgage, after the notes for the 2 per cent. had been paid, the mortgagor could set up usury, under § 4 *supra.*

APPEAL from the *Montgomery* Circuit Court.

PERKINS, J.— Suit to foreclose a mortgage. Defense, usury. Issue of fact. Trial by the Court, and judgment for the plaintiff for the amount of the debt and interest.

The evidence is upon the record, and is as follows:

*Francis M. Heaton* testified that the notes secured by the mortgage in suit, were given for the purchase-money of the land described in the mortgage; that witness drew up the notes; that he first drew them to the amount of 8,000 dollars, with 8 per cent. interest, but that, on consultation, the parties thought they would be illegal, and they destroyed those notes; that witness then drew up new notes for the 8,000 dollars, the price of the land, bearing 6 per cent. interest, being the notes mentioned in the mortgage, and for the other 2 per cent. he drew up separate notes, being those set up in the answer; that it was all one transaction, and the notes were given for the price of the land and the delay of payment. The notes for the 2 per cent. set up in the answer, had been paid.

Under our present statute, usury, or illegal interest, may exist, without the actual loan of money. The statute reads thus:

"If a greater rate of interest than is hereinbefore allowed [6 per cent.] shall be contracted for, or received, or reserved, the contract shall not, therefore, be void; but if, in any action on such contract, proof be made that illegal interest has been directly or indirectly contracted for, or taken, or reserved, the defendant shall recover costs, and the plaintiff shall recover only his principal without inter-

est; and if interest shall have been paid thereon, judgment shall go for the principal deducting interest paid."

We think the facts in this case bring it clearly within this section of the statute, and that the Court should have been governed by its provisions in rendering judgment.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, with instructions to the Court below to render judgment as the section provides in cases of usury.

*J. M. La Rue*, *D. Royse*, *S. C. Willson*, and *J. E. Mc-Donald*, for the appellants (1).

*I. Naylor*, for the appellees.

(1) Counsel for the appellants cited the following authorities:

The appellees take the position that, as the notes were given on a contract for the purchase of property, the contract is not, therefore, usurious, and rely upon *Beete* v. *Bidgood*, 14 E. C. L. 206. The *English* statute in force when *Beete* v. *Bidgood* was decided, reads as follows: "No person, upon any contract which shall be made after the 29th of *September*, 1714, shall take for loan of any money, wares, &c., above the value of 5£ for the forbearance of 100£ for a year; and all bonds and assurances for payment of any money to be lent upon usury, whereupon or whereby there shall be reserved or taken above five in the hundred, shall be void; and every person which shall receive, by means of any corrupt bargain, loan, exchange, chevizance, shift, or interest of any wares, other thing, or by any deceitful way, for the forbearing or giving day of payment for one year, for their money or other thing, above 5£ for 100£ for a year, &c., shall forfeit treble the value of the monies or other things lent." 10 Bac. Abr. tit. USURY, B., ed. 1852, p. 266.

In *Barclay* v. *Walmsley*, 4 East, 55, Lord ELLENBOROUGH, C. J., says: "To constitute usury, there must be either a direct loan and a taking of more than legal interest for the forbearance of repayment, or there must be some device contrived for the purpose of concealing or evading the appearance of a loan and forbearance, when in truth it was such." See, also, *Dewar* v. *Span*, 9 Term R. 425, and the opinion of Lord Chancellor HARDWICKE, in *Chesterfield* v. *Janssen*, 1 Lead. Cases in Equity, 442, from 2 Ves. 125.

Our statute on the subject differs materially from the *English* statute. See 1 R. S. p. 344.

The case of *Thompson* v. *Nesbit*, 2 Rich. (S. C.) 73, as cited in U. S. An. Dig. 1847, at p. 476, § 12 (the report is not before us), is in point, and is there stated as follows:

"*A.* asked 1,000 dollars for a negro, which *B.* was willing to give, but would not pay cash, and *A.* was willing to give any time which *B.* might want, if he could have the price increased by the addition of 10 per cent. per annum, until payment. After consultation as to the best method of carrying out their bargain and avoiding usury, they agreed that *B.* should fix the time, and *A.* the price. *B.* said he must have three years; and the plaintiff said he must then have 300 dollars more. A bill of sale was thereupon drawn, expressing the consideration to be 1,000 dollars, and a note was given by *B.* to