IRVIN vs. MATHEWS, administrator.

1. There was no abuse of discretion in granting a first new trial in this case.

2. Where land is sold at a cash price, and time is given by the vendor to the purchaser upon a portion of the purchase money, and a greater rate of interest than that allowed by law is charged on such deferred payments, the contract is usurious.

(a.) While it is lawful and not usurious to charge one price for property sold for cash and a higher price for the same property if sold on credit, still, if the contract is that the property is to be sold at a cash valuation, and that certain payments are to be deferred, in consideration that a greater rate of interest than that allowed by law is to be paid by the purchaser, then the contract would be usurious.

3. The charge of the court was full, fair and impartial, and presented clearly the law of the case.

November 2, 1885.

Interest and Usury. Sales. Contracts. Before Judge FORT. Stewart Superior Court. April Term. 1885.

C. H. Mathews, administrator of James A. Mathews, deceased, brought suit against J. F. Irvin on two promissory notes, one for $5,894.80, principal, the other for $2,373.24, principal. The defendant filed a plea of usury, which he subsequently amended so as to read as follows:

"And for a further plea in this behalf, this defendant says that the consideration of the two promissory notes set forth in said action is and was certain tracts or parcels of land which this defendant, on January 5, 1881, purchased from James Mathews, the plaintiff's intestate, and Charles T. Mathews, at and for the price or sum of $12,500 00; that defendant, at the time of the purchase, paid said James A. Mathews $3,000.00 in cash, and it was understood and agreed between the said James A. Mathews and this defendant that the balance of such purchase money, to-wit, the sum of $9,500.00, should be paid one-half in twelve months and the other half in two years after said purchase, and that this defendant should pay interest at the rate of twelve per cent per annum on the whole of said balance except the sum of $500.00, which was to bear no interest; that in pursuance of said agreement, this defendant did make and deliver to the said James Mathews his two certain promissory notes, to-wit, one for $5,894.80, and is one of the notes sued on, and the other for

$5,290.00, to become due December 25, 1881; that the first of said notes, to-wit, the note for $5,894.80, was made up by taking the one-half of the balance of the purchase money for said land, to-wit, the sum of $4,750.00, and adding thereto interest at the rate of twelve per cent per annum upon $4,500.00 of said amount for twelve months, to-wit, the sum of $540.00, to the same, making the sum of $5,290.00, and then adding interest at the rate of twelve per cent per annum on said sum of $5,290.00 for twelve months, to-wit, the sum of $604.00, making in the aggregate said sum of $5,894.80; and this defendant says that there is included in said note of $5,894.80 the amount of $1,144.00 of interest, which is $484.00 in excess of interest for two years on the principal sum of $4,750.00 at eight per cent per annum. Wherefore this defendant says that, by force of the statute of this state in force at the time said purchase was made and said note was given, the plaintiff forfeited both the interest and the excess of interest so charged and included in said note, and that the plaintiff is not entitled to have and receive of this defendant more than principal sum of $4,750.00 without any interest thereon; that the second of said two notes so given by this defendant in pursuance of said agreement was made up by taking the other half of said principal sum of $9,500.00 and adding thereto interest at the rate of twelve per cent on $4,500.00 of said principal for twelve months, to-wit, the sum of $540.00, making in the aggregate the sum of $5,290.00, for which sum this defendant then and there made and delivered to said James Mathews his certain promissory note for $5,290.00, to become due December 25, 1881; that afterwards, to-wit, on March 12, 1883, this defendant paid to the said Mathews the sum of $3,500.00 on said note of $5,290.00, and afterwards, to-wit, on April 3, 1883, this defendant gave to the said James Mathews the note of $2,373.24 sued on in this action in renewal of said note of $5,290.00; and this defendant says that the interest reserved and included in said note of $5,290.00 is greater by $160.00 than interest at eight per cent per annum for twelve months, and that by reason of the statute of this state of force at that time, the said plaintiff thereby forfeited the interest and the excess of interest on said note; that at the time said payment was so made, there was due on said note of $5,290.00 only the sum of $4,750.00, and after deducting said payment, there remained only the sum of $1,250.00 due on said note; and that said note of $2,373.24 so sued on was given only in consideration of said balance of $1,250.00 so due, together with usurious interest on said note of $5,290.00 at a rate greater than eight per cent per annum, and interest at twelve per cent per annum on said balance due, including such usurious interest from said April 3, 1883, to December 25, 1883. Wherefore this defendant says that the said plaintiff is not entitled to have and receive of this defendant more than said sum of $1,250.00, being the balance of said principal debt, without any interest on the same."

On the trial, the jury found for the plaintiff $1,781.34. He moved for a new trial on various grounds, among them being that the verdict was contrary to law and evidence; that the court refused to strike the plea of usury, on mo-motion, on the ground that the note for $5,894.24 was given for the purchase of land, and the consideration was not the loan or advance of money or the forbearance to enforce the collection of any sum of money, and that the court erred in submitting the question of usury to the jury.

The court granted a new trial, and the defendant excepted.

PEABODY & BRANNON. for plaintiff in error.

WILLIS & MATHEWS, for defendant.

BLANDFORD, Justice.

The defendant in error brought his action against the plaintiff in error to recover certain money which he alleged the plaintiff in error owed his intestate. To this action the defendant filed a plea of usury. Issue was taken on this plea, and the jury found that issue in favor of the defendant. The plaintiff moved the court for a new trial, which was granted, and defendant excepted to this ruling of the court, and assigns error thereon.

1, 2. We might content ourselves with this ruling of the court by saying that, as this is the first grant of a new trial upon facts which are close and contested, the discretion of the court in such a case will not be disturbed. But we think that there are some things in this case which merit our special attention. The plaintiff demurred to the plea of usury, and now insists here that there can be no usury in a note given for land. We do not think that this position of the able counsel is sustained by the authorities. Where land is sold at a cash price, and time is given by the vendor to the purchaser upon a portion of the purchase money, and a greater rate of interest than that allowed by

law is charged for such time, the contract is usurious; and we think the following authorities sustain this proposition: 11 Ind., 258; 15 *Id.*, 60; 21 *Id.*, 129; 52 *Ga.*, 69; 59 *Id.*, 546, 584; 10 Smedes & Mar., 89; 12 *Id.*, 631; 36 Ark., 253; 2 Richardson Law Rep., 73; Acts 1878–9, 184. And, while we think that this is good law, yet we recognize the rule that there may be a cash and a credit price for land as well as anything else, and it is lawful and not usurious for one selling land or other property to charge more for such property when sold on time or credit, as it is called, than when sold for cash. The defendant in error insists that the land was sold partly for cash and partly on credit or time, and that as to such part as was sold on time, the parties calculated the interest on the cash price at twelve per cent, so as to ascertain the credit price, and that this was done with no intent to charge unlawful interest, but merely to ascertain the credit value of the land. We recognize this proposition to be sound    But if the contract was that the land was to be purchased at a cash valuation, and that certain payments therefor were to be deferred in consideration that a greater rate of interest than that allowed by law was to be paid by the purchaser, then such a contract would be usurious. We have carefully examined the plea of usury in this case, and we think that the court did right to overrule the demurrer thereto

3. The charge of the court was full, fair and impartial, and presented clearly the law of the case to the jury, but as he has thought proper to grant a new trial in the case, he having tried the case and being near all the witnesses, the evidence being quite close, and in his judgment justice requires another hearing of the case, we cannot say that he abused his discretion in giving the case the direction he did.

Judgment affirmed.