**FRANKFURT FINANCE CORPORATION
v. COX.**

**No. 12903.**

Court of Civil Appeals of Texas. Dallas.

July 6, 1940.

Henry Klepak, of Dallas, for appellant.

Earl A. Forsythe and John L. Tinnerello, both of Dallas, for appellee.

LOONEY, Justice.

■ Duncan W. Cox brought this suit against Frankfurt Finance Corporation to recover statutory penalty imposed for collecting usurious interest. The court below rendered judgment in favor of Cox, from which the Finance Corporation appealed. The case was tried without a jury and is before us on a statement of facts, without findings and conclusions by the trial judge. In this status, the judgment will be affirmed, if supported by any evidence.

■ In view of this situation, our conclusions, of course, will portray the case as made by evidence favoring the contention of appellee, that is, that he purchased from the Ford Motor Company an automobile, at the agreed price of $615—paid $100, and borrowed from appellant $515 with which to pay the balance. It seems that, after appellee and a Mr. Williams, who represented Ford Motor Company, had agreed upon the price for the automobile, appellee paying $100, he, his father, and Mr. Williams went to the place of business, in the City of Dallas, of appellant, and there arranged with its representative for the loan. Appellant's representative prepared the note and mortgage on its own forms; the note for $696.50 was made payable to the Ford Motor Company; also, the mortgage was in its favor, and these were transferred to appellant; after which, appellant drew its check for $515, payable to Ford Motor Company, which was delivered to appellee for delivery to the Ford Company. This closed the transaction. The note for $696.50, payable in two years, included, not only the $515 borrowed, but $31.95 for insurance on the automobile, also $151.55 which, obviously, was intended as compensation for the use or detention of the amount of money loaned; in other words, was interest, and, being in excess of the amount allowed by law, constituted usury. Appellee having paid the note according to its terms, brought this action, with the result heretofore stated.

The judgment, in our opinion, was authorized by evidence, and the conclusion of law, reached by the trial court, sustained by the following authorities: Temple Trust Co. v. Stobaugh, Tex.Civ.App., 59 S.W.2d 916; Mossler Acceptance Co. v. Alexander, Tex.Civ.App., 137 S.W.2d 815; Temple Trust Co. v. Haney, 133 Tex. 414, 107 S.W. 2d 368, 126 S.W.2d 950; Temple Trust Co. v. Sewell, 133 Tex. 417, 126 S.W.2d 943; Keltner v. Glenn, Tex.Civ.App., 130 S.W.2d 452.

Appellant insists, however, that, because the note and mortgage were drawn in favor of the Ford Motor Company and assigned to appellant, the case should be ruled by the doctrine announced in the

following cases: Burkitt v. McDonald, 26 Tex.Civ.App. 426, 64 S.W. 694; Graham v. Universal Credit Co., Tex.Civ.App., 63 S.W.2d 727; Baldwin v. Motor Inv. Co., Tex.Civ.App., 89 S.W.2d 1076, and Rattan v. Commercial Credit Co., Tex.Civ.App., 131 S.W.2d 399.

Two of the cases just mentioned, Graham v. Universal Credit Co. and Rattan v. Commercial Credit Co., involved transactions where the seller demanded one price for cash and another and greater price upon credit—the latter, the credit price, having been accepted, gave rise to the contention that the contracts were usurious. It was held in each case that the contract was not usurious; the courts stating, in effect, that a seller may demand one price for cash and another and a greater price for credit, without rendering the contract usurious by reason of that fact.

Be that as it may, the rule is not applicable here, because we have a different set of facts. The Ford Motor Company was not engaged in the retail business of selling automobiles; the car in question, having been exhibited at the Exposition, was offered for sale, for cash only. The parties having agreed upon the price, and appellee having made a partial payment, arranged with appellant for a loan to pay the balance. The note and mortgage were prepared in appellant's office, by its representative, on its own forms, and were drawn in favor of the Ford Motor Company, as the method adopted by appellant of evidencing and consummating the loan.

Although not necessary to the decision of this case, the writer respectfully, yet earnestly, questions the soundness of the doctrine announced in the two cases mentioned. In neither case, nor in any of the cases referred to, was the statute defining "interest" construed, or the subject discussed at any length. In each instance, seemingly, the question was disposed of simply by saying that such an arrangement was not usurious.

"Interest", as defined by the statute (Art. 5069 R.C.S.), "is the compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money"; and when such compensation exceeds the amount of interest allowed by law, the contract is denounced as usurious. Applying this definition of interest to such a transaction, I submit that, if the difference between the cash price and the credit price (excepting proper carrying charges, such as insurance) is not compensation demanded for the use or detention of the amount for which credit is extended, it would be difficult to determine just what it was intended to compensate.

The contrary doctrine, in my opinion, was announced in Fisher v. Hoover, 3 Tex.Civ.App. 81, 21 S.W. 930, by the Austin Court, in an opinion by Judge Key, to the effect that, if, to compensate a vendor of land for giving time on the purchase price, a sum is added to the agreed price, greater than the legal rate of interest, though such sum is incorporated as principal in the purchase money note, nevertheless the contract was usurious. And in Galveston & H. Inv. Co. v. Grymes, Tex.Civ.App., 50 S.W. 467, the Galveston Court held that, on a sale of property, the compensation charged for the detention of an unpaid portion of the price is interest, and if in excess of the legal rate, the contract is usurious.

In view of the provision of the statute (Art. 5071) that, "all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest [10% per annum] shall be void and of no effect for the amount or value of the interest only", I submit that it is incorrect to broadly say, as a matter of law, as was said in the two cases mentioned, that a seller may demand a cash price for a commodity, and another and greater price upon credit, without infringing the usury statute; rather, I think it more correct to say that, if the difference between the cash and credit price demanded, exceeds the legal rate of interest for the credit extended (except proper carrying charges), the contract, as a matter of law, is usurious, and that, if the evidence raises an issue on the point, the question becomes one of fact.

■ Courts uniformly hold that, all devices intended to cover usury will be disregarded. I submit that usury may be cloaked under the specious phrase "credit price", same as under any other camouflage adopted to obscure the real intention.

However, as above stated, the point, upon which the writer expresses his individual views, is not involved in the instant case. For the reasons first stated, the judgment of the court below is affirmed.

Affirmed.