154

## BOND AUTO LOAN, Inc., v. BURCH.

### No. 11519.

Court of Civil Appeals of Texas. Galveston.

April 8, 1943.

Rehearing Denied May 6, 1943.

Nat Friedman, of Houston (Bernard A. Golding, of Houston, of counsel), for appellant.

Maynard R. Heaner, of Houston, for appellee.

GRAVES, Justice.

What is thought to be, as such, a correct general statement of the nature and result of this suit below is thus taken, in substantial substance, from the appellee's brief:

"Appellant sued appellee in the County Court at Law, Harris County, Texas, for the balance of $409.71, allegedly due on the original credit-purchase-price of $905.44 of an automobile bought from it by appellee, as evidenced by his note, written 'time purchase order', and chattel mortgage, together with interest and attorney's fees.

"Appellee defended on the ground that the written instruments did not truly reflect the purchase-agreement, and that he had not read them, and had signed them in blank, in reliance upon appellant's promise to draw the same as agreed. That, in fact, he agreed to pay appellant $725.00 for the automobile, less $225.00 for his equity in another automobile, in the net sum of $500.00, and agreed to pay appellant $47.-50 insurance, and $125.00 interest to carry the $500.00 for two years; the total sum of $720.00 being payable at $30.00 per month. That he had paid as agreed, having paid appellant $353.00 up to September, 1942, and offered to continue to pay as agreed; but appellant refused to accept such payment, and demanded $409.71 in a lump sum, or a refinancing of same, with more interest and insurance charges, and, upon his refusal to comply with such demand, brought this suit. That his agreement to pay said $125.00 interest was usurious, and therefore appellant was not entitled to any interest on said $500.00. That he was willing to pay appellant the $147.00 principal balance due on said $500.-00, plus the $47.50 insurance charge, which he had agreed to pay, and, by way of cross-action, claimed $300.00 damages for an alleged assault upon his wife, when appellant attempted to repossess said automobile, also $18.80 principal allegedly paid appellant by him upon a certain repair-bill, said payment being without consideration, also $44.40 for double the amount of $22.20 usurious interest paid by him upon said repair-bill.

"The court, sitting without a jury, rendered judgment for appellant for $194.50,

the amount found to be the principal balance of its debt; interest on said amount, and attorney's fees, and a foreclosure of its chattel mortgage; refusing a recovery of the balance of the amount sued for, and rendered judgment in the sum of $50.00 for appellee on his cross-action for said alleged assault, and double the usurious interest paid on said repair-bill, in the sum of $44.40, as an offset against the amount· so recovered by appellant; refusing appellee a recovery of said $18.80 principal paid on said repair-bill."

As its sole point · for a reversal, appellant presents this proposition, which it supports with citation of the three authorities appended thereto, to-wit: "The trial court committed error prejudicial to this appellant in refusing and denying it judgment for the full amount shown, under the facts and evidence, to be due by virtue of the contractual relationship between the parties, and in awarding judgment against appellant in favor of appellee notwithstanding the indisputable evidence that appellee contracted to pay the sum sued for by appellant. Graham v. Universal Credit Co. [Tex.Civ.App.], 63 S.W.2d 727; Baldwin v. Motor Inv. Co. [Tex.Civ.App.], 89 S.W. 2d 1076; Rattan v. Commercial Credit Co. [Tex.Civ.App.], 131 S.W.2d 399."

No findings of fact or law were either requested by the parties or filed by the court in support of its judgment, but presumably, at least, it refused appellant a recovery of the balance it so sued for, upon a finding that it constituted usurious interest.

Furthermore, the parties agreed—by a stipulation dictated at the time by the court into the statement of facts—that appellee had made the payments on the $18.80 repair bill as pled by him, and, further, as this court understands it, that he had paid $22.20 as interest on that amount for a period of a few months time, which constituted the $44.40 offset for usurious interest allowed him by the court.

At any rate, appellant makes no specific contest on appeal of either that $44.40 amount, or of the $50 amount allowed the appellee as damages for the claimed assault upon his wife.

The controlling question of law here is whether the contract as actually made constituted in whole or in part an agreement to pay interest in excess of that allowed by law, in violation of our express constitutional and statutory enactments prohibiting usury. Article 16, Section 11, Consti-

tution of Texas, Vernon's Ann.St.; Article 5069, R.C.S.1925; Article 5071, R.C.S. 1925.

Appellant insists that the three papers it declared upon and offered in evidence—that is, (a) a time-purchase order for the Pontiac Sedan; (b) an installment note for $738.66, payable in 23 installments of $15, and 1 installment of $393.66; (c) a Texas chattel mortgage on that car—all of which instruments appellee admitted having signed in blank without reading, constituted the sole contract and, as a matter of law under its three cited cases, negatived the existence of any usury in the transaction; that, to the contrary, they reflected a wholly lawful agreement that came squarely within the rule thus declared in the Rattan case supra.

"Where, in a bona fide sale, no loan of money is involved, a purchaser buys an automobile from a regular automobile dealer for a credit price, known to the purchaser to be˙higher than the cash price, and signs a note and chattel mortgage for the unpaid balance, such transaction is an actual sale of the automobile on time or credit selling price, mutually agreed upon by the parties, and such note and mortgage thus given for the balance, providing for interest, only in case of default, at the highest legal rate, is not usurious. * * *" Rattan v. Commercial Credit Co., Tex.Civ. App., 131 S.W.2d 399.

Obviously, however, the principle cannot control this cause, if the trial court was correct in overruling appellant's objections that its written instruments constituted the best evidence of the contract in fact· made between the parties, and permitting the appellee to testify—in substance and effect—that all the recitations quoted in the above statement of the case were true, and reflected what the actual trade was; in other words, that the deferred part of the purchase-price was only $500, and that they mutually agreed he was to pay $125 for appellant to carry that debt for him only for two years' time (payable $30 per month throughout such period), and that there was no other consideration or service whatever inuring to him from it.

This court holds the trial court to have been correct—in the given state of the pleadings and proffered proof—in overruling appellant's stated objections and permitting the appellee to so testify, pursuant to common law rule of evidence No. 25, which appellee's answer and cross-action made applicable to his defense against ap-

156

pellant's suit herein, to-wit: "Parole evidence is admissible to show that a written instrument is void for illegality, want or failure of consideration, or on account of fraud or mistake." See also, Vernon's Texas Civil Statutes, Article 3713, and Rule No. 184, Texas Rules of Civil Procedure.

Not only so, but there having been no jury nor stated fact-finding by the court, and there being amply-sustaining evidence shown in the statement of facts brought up with the record, it will be conclusively presumed in support of the judgment it so rendered, that the trial court accepted as true the appellee's version as to what the contract really was; Frankfurt Finance Corp. v. Cox, Tex.Civ.App., 142 S.W.2d 553.

It follows, therefore, that the developed facts in this instance are not ruled by the holdings on clearly distinguishable ones in the cases appellant so depends upon, but by a well settled line of decisions applying to the legal equivalent of those thus found to exist here, to-wit: Galveston & H. Inv. Co. v. Grymes, Tex.Civ.App., 50 S.W. 467, affirmed by Supreme Court, 94 Tex. 609, 63 S.W. 860, 64 S.W. 778; Fisher v. Hoover, 3 Tex.Civ.App. 81, 21 S.W. 930; Usury: 66 Corpus Juris, page 184, Sec. 77, Note 53.

Further discussion is deemed unnecessary, since these conclusions determine the merits of the appeal; they require an affirmance of the appealed-from judgment. It will be so ordered.

Affirmed.