## J. E. BREM V. G. H. COOK.

No. A-1917. Decided January 5, 1949.
(216 S. W., 2d Series, 179.)

*Hair & Pool* and *W. T. Hair*, of Kermit, for petitioner.

*Rawlins & Linne* and *R. B. Rawlins,* of Monahans, for respondent.

MR. JUSTICE FOLLEY delivered the opinion of the Court.

This cause is before us upon certified questions from the Court of Civil Appeals at El Paso.

It is a usury suit originating in the District Court of Winkler County. The appellant, J. E. Brem sued the appellee, G. H. Cook, to recover $600.00, claimed to be double the interest or money paid for the use of $1,000.00 for a period of approximately eight months. The trial before the court without a jury resulted in the dismissal of the case on the ground that the appellant had failed to prove a cause of action.

Upon appeal to the Court of Civil Appeals that court, by majority opinion, reversed the judgment of the trial court, and rendered judgment for appellant for the sum of $600.00. Chief Justice Price dissented, and the cause is pending in that court upon motion for rehearing.

For the certificate of the Court of Civil Appeals, which incorporates by reference the majority and dissenting opinions, as well as the statement of facts, it appears that on March 4, 1946, appellant's son was confined in jail on a criminal charge in Lea County, New Mexico. His bail was fixed at $1,000.00. Honorable Murray J. Howze, an attorney, was engaged to represent him. Appellant and his son were residents of Texas and the circumstances necessitated the posting of a cash bond. Howze introduced the appellant to the appellee and an arrangement was made to borrow $1,000.00 from the appellee. A note was executed therefor, signed by appellant, as principal, and Howze, as surety, on March 4, 1946, and payable to appellee on March 20, 1946. The note was paid a day or two before it became due. For the use of this money the appellant paid $200.00, one half of which was paid in advance. After the note was executed the appellee secured a cashier's check for $1,000.00 payable to himself, endorsed it to Howze, who, in turn, endorsed it to the clerk of the District Court of Lea County, New Mexico. The clerk endorsed and cashed it. On March 18, 1946, the appellant's son was convicted. Howze then secured the clerk's check for the $1,000.00, endorsed it and delivered it to the appellee. After conviction the appeal bond of appellant's son was fixed at $2,000.00. Another cash bond was made. The son's aunt supplied $1,000.00. For $100.00 the appellee agreed to furnish the appellant the other $1,000.00 on condition that Howze, as surety, would be responsible for the repayment of it. The appellee required the $100 in advance, which appellant paid. Howze represented to appellee that, in his opinion, the appeal would be disposed of in about four months, and it was understood that the money would be repaid at such time. No note was executed in the second transaction, but appellee's wife, at his discretion, gave Howze a check for the $1,000.00, with which he secured another cashier's check for the same amount and delivered it to the clerk. The appeal was not disposed of in the four months represented, and after a lapse of seven months appellee requested the return of his money. Appellant thereupon, with the endorsement of some friend, borrowed the money from a local bank and deposited it to the credit of the appellee. On final disposition of the appeal Howze took a check from the clerk and paid appellant's note at the bank.

In the light of these facts the Court of Civil Appeals has certified to us the following questions:

"*No. 1*: Did this Court err in holding that under the evidence as a matter of law the advancement of the $1000.00 by appellee which was deposited in the New Mexico court as a bond to secure the appearance of appellant's son constituted a loan by appellee to appellant and the $200.00 paid by appellant in connection therewith was paid as interest thereon and constitutes usurious interests?

"*No. 2*: Did this Court err in holding that under the evidence as a matter of law that the advancement by appellee of the $1000.00 which was deposited in the New Mexico court as a part of the $2000.00 appeal bond of appellant's son constituted a loan by appellee to appellant, and the $100.00 paid by appellant to apellee in connection therewith constituted the exaction of usury?"

It is undisuted that the appellee received $300.00 as compensation for the use of $1,000.00 over a period of about eight months. For its use the first fifteen days he received the sum of $200.00, and for the next seven months he received $100.00. The Chief Justice of the Court of Civil Appeals was of the opinion, however, that the transaction did not constitute a loan, nor the payment of the $300.00 therefor interest, because the money was merely deposited with the clerk of the court in lieu of an appeal bond, which amounted to no more than a service for which compensation was lawfully paid, and thus the transaction should be treated in the same manner as if the appellee had for the same consideration signed an appeal bond for appellant's son.

With that view we are not in accord. Appellee performed no service for which a charge could have been made other than advancing the money for the use of the appellant, which the latter agreed absolutely to repay. Appellee was in no manner obligated to secure the attendance of appellant's son in court. The disposition or use made of the money by the appellant or his counsel was of no particular concern to him. The money in the hands of the clerk did not belong to him. He did not make the deposit and had no direct connection with it. He had no claim on it or dominion over it. If the son had defaulted, it would have created no liability against him. He was fully protected by the obligation of the appellant and the surety, Howze, to whom he looked solely for the repayment of the money advanced. Consequently, the consideration received was clearly for the use

and detention of money, and the whole transaction constituted a pure loan for which excessive interest was charged. As such it was obviously usurious. Greever v. Persky, 140 Texas 64, 165 S. W. (2d) 709; Fisher v. Hoover, 3 Texas Civ. App. 81, 21 S. W. 930.

Therefore, we answer each of the questions certified in the negative.

Opinion delivered January 5, 1949.

No motion for rehearing filed.