## BALDWIN v. MOTOR INV. CO.
### No. 1463.

Court of Civil Appeals of Texas. Eastland.

Jan. 3, 1936.

Stinson, Hair, Brooks & Duke, of Abilene, for appellant.

Esco Walter and Smith & Eplen, all of Abilene, for appellee.

FUNDERBURK, Justice.

In this suit, brought by Motor Investment Company against M. A. Baldwin to recover upon a note given for a part of the purchase price of an automobile and to foreclose a chattel mortgage lien on the car, the defendant Baldwin asserted a cross-action wherein he sought to recover of the plaintiff damages in the sum of $444, based upon the rental value of the car claimed to have resulted from his having been deprived of the possession and use thereof through a wrongful receivership. Alternative to the claim of damages based upon rental value of the car, he claimed damages in the sum of $450 upon the theory that taking possession of the car by the receiver constituted conversion. It was further alleged that the note sued on by plaintiff—being for the principal sum of $324—was given for a loan of $231 and was $93 in excess of the amount of the loan and included $69.90 usurious interest for which, by reason of the collection thereof, a penalty was claimed in double the amount thereof, or the sum of $139.80.

The case being submitted on special issues, the jury, by its verdict, found: (1) That plaintiff unlawfully, willfully, and intentionally had a receiver appointed who took charge of the defendant's car in this cause; (2) that the reasonable market value of the car in question on June 19, 1934, was $346.50; (3) that the defendant borrowed from plaintiff on about June 19, 1934, the sum of $231; and (4) that of the $324 principal of the note in this case, $93 was usurious interest.

Upon a motion of the plaintiff for judgment notwithstanding the verdict of the jury, the court, after notice and hearing, rendered judgment for the plaintiff upon its note, and foreclosure of the lien upon the automobile, denying defendant any recovery upon his cross-action. Defendant Baldwin has appealed.

It is first contended that the court erred in refusing to render judgment for Baldwin on the verdict of the jury relating to his cross-action. The point made under this assignment is embodied in a formal proposition as follows: "This cause having been submitted to the jury on special issues, and they having found thereon which issues and answers were material, the trial court should have entered judgment in accordance with such findings." The first question to suggest itself is: Suppose there was no evidence to support some or all of the special issues; in that case would the proposition be good? Clearly not, we think, for by the 1931 amendment of R.S.1925, art. 2211 (Vernon's Ann.Civ.St. art. 2211), if there was no evidence to support some issue necessary to warrant a judgment for the defendant upon his cross-action, a directed verdict for plaintiff would have been proper, and in such case the amended statute provides that "upon motion and reasonable notice the Court may render judgment non obstante veredicto" or "disregard any Special Issue Jury Finding that has no support in the evidence." If, therefore, it be granted that the issues submitted to and found by the jury were material, the proposition of appellant nevertheless does not include sufficient elements to show that the court was in error in rendering the judgment that was rendered.

The record as presented to this court does not include a statement of facts. There is therefore no means provided by which this court may know that all issues necessary to support a judgment for appellant were supported by evidence. If one or more of such issues was without evidence to support same, then the court correctly rendered judgment notwithstanding the verdict of the jury. In the absence of a showing by the record to the contrary, it is our duty to presume that the state of the evidence was such as to warrant the action of the court.

The allegations of the cross-action showed that appellant had no cause of action for a penalty for the collection by appellee

of usurious interest. Usury exists, if at all, by virtue of a contract. Continental Sav. & Bldg. Ass'n v. Wood (Tex.Civ.App.) 33 S.W.(2d) 770. A contract to be usurious must impose the obligation upon the borrower to pay more than 10 per cent. per annum as interest. It was alleged in the cross-action "that this defendant only contracted to pay interest at the rate of 10 per cent. per annum." If so, there was no usury. Appellant is bound by the allegations of his cross-action.

■ The allegations in the cross-action did not support recovery or show a cause of action for a penalty based upon the collection of usurious interest for still another reason. While $231 of the note was referred to as borrowed money, it was clear from other allegations that the note was given for all or a part of the purchase price of an automobile. In such case there could be no question of usury in the principal of the note. It was only in the principal of the note that any usury was claimed.

It is therefore our conclusion that the judgment of the court below should be affirmed, and it is accordingly so ordered.