**RATTAN v. COMMERCIAL CREDIT CO., Inc.**

No. 12762.

Court of Civil Appeals of Texas. Dallas.
July 1, 1939.

Rehearing Denied July 29, 1939.

Chrestman, Brundidge, Fountain, Elliott & Bateman, of Dallas, for appellant.

Dallas C. Biggers and Ralph D. Baker, both of Dallas, for appellee.

BOND, Chief Justice.

Appellant, Charles E. Rattan, on July 23, 1936, purchased an automobile from Fryar Motor Company, an automobile agency at Denton, Texas, for the sum of $1,310. At the time of purchase, he was put to an election as to whether he would pay a cash price of $1,125, or a deferred credit price of $1,310 for the automobile. He knew there was a difference in the prices—that the credit price was higher than the cash price. Being unable to meet the terms of the seller on the cash price, appellant closed the deal on terms of the credit price, by paying $375 in cash, or its equivalent, and executing his note and chattel mortgage on the automobile for the balance of $936, payable to the seller in 24 monthly installments of $39 each.

In arriving at the time credit price balance of $936, the seller employed, as a basis for the note, a calculation table, or "Six (6%) per cent. Time Payment Plan", promulgated by the Commercial Credit Company, Inc. This table evinces the credit price, by adding to the regular cash price of the automobile—$1,125—an insurance charge of $86, and $100 for carrying charges, or credit privileges of 24 months' installments on deferred payments for an automobile of the kind sold to appellant, less a cash payment of $375. The note and mortgage were executed to the seller on this basis and thereafter assigned to appellee, Commercial Credit Company, Inc., it paying $750, the cash price balance therefor, in accordance with its calculation table, or deferred payment plan.

The contention is made by appellant that the transaction is usury, in that the $100 added to the cash price balance of $750, plus the $86 for insurance, payable in monthly installments of $39 each, over a period of 24 months, is a charge of more than ten per cent. interest, the highest legal rate on $836 for a period of 12 months. The contention would be true if the transaction involved the loan of money, or a charge for the use, detention or forbearance of money.

As suggested above, the note and mortgage were given for the unpaid part of the purchase price of an automobile, on terms and conditions mutually agreed upon by the contracting parties. The purchaser, Rattan, knew he could buy the automobile cheaper for cash, and that it would cost him more to buy on credit; he chose the credit price of $1,310, which he had a legal right to do, made a down payment of $375, and executed his note and mortgage for the unpaid purchase price of $936. No money changed hands in the transaction in the form of a loan, nor was any charge made for the use, detention or forbearance of any money. The transaction was simply a sale for credit at a higher price than for cash, calculated on a known basis for the seller to realize the cash price of the automobile by subsequent sale of the note and mortgage through commercial channels.

Where, in a bona fide sale, no loan of money is involved, a purchaser buys an automobile from a regular automobile dealer for a credit price, known to the purchaser to be higher than the cash price, and signs a note and chattel mortgage for the

unpaid balance, such transaction is an actual sale of the automobile on time or credit selling price, mutually agreed upon by the parties, and such note and mortgage thus given for the balance, providing for interest, only in case of default, at the highest legal rate, is not usurious. A seller may demand one price for cash and another and greater price upon credit, and it would not be usury. Graham v. Universal Credit Co., Inc., Tex.Civ.App., 63 S.W.2d 727; Baldwin v. Motor Inv.. Co., Tex.Civ.App., 89 S.W.2d 1076; Burkitt v. McDonald, 26 Tex.Civ.App. 426, 64 S.W. 694; Oil City Motor Co. v. C. I. T. Corp., 10 Cir., 76 F.2d 589, 104 A.L.R. 240; General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 10 Cir., 66 F.2d 1; Commercial Credit Co. v. Tarwater, 215 Ala. 123, 110 So. 39, 48 A.L.R. 1437. Such is this case.

In the trial of this cause before the court, judgment was rendered in favor of appellee for the unpaid balance of the note and foreclosure of the chattel mortgage on the automobile, and denied appellant any right of recovery on account of his plea of usury. The judgment of the court below is affirmed.

Affirmed.