## MOSSLER ACCEPTANCE CO. v. ALEXANDER.

### No. 10917.

Court of Civil Appeals of Texas. Galveston.

Feb. 1, 1940.

Rehearing Denied March 14, 1940.

Herbert G. Tigner, of Houston, for appellant.

Morris Pepper, of Houston, for appellee.

**816**

MONTEITH, Chief Justice.

This is an appeal in a usury case brought by appellee, William Alexander, against appellant, Mossler Acceptance Company, for the cancellation of the balance due on a note secured by a chattel mortgage, and for the recovery of twice the amount of usurious interest alleged to have been paid.

Appellee alleged that he purchased a Plymouth automobile from Avenue Motors, Inc., of Houston, Texas, for the sum of $954.60; that after making a cash payment and receiving a credit for an automobile which he traded in, there remained a balance of $704.60 due the Avenue Motors, Inc., on the purchase price of said automobile; that appellant, Mossler Acceptance Company, agreed to and did lend him the sum of $704.60 to pay the balance of said purchase price, but that to evidence said loan and to secure the payment thereof, he executed a note in favor of Avenue Motors, Inc., for the sum of $999.88, payable in 28 monthly installments of $35.71 each; that the balance of said loan over and above the sum of $704.60, with the exception of a payment of an insurance premium on said automobile, was charged by appellant as interest on said loan of $704.60; that, although said loan was made by appellant, in order to conceal the usurious nature of said transaction and in order that it might claim to be a bona fide purchaser thereof, appellant had made said note and said chattel mortgage to Avenue Motors, Inc.; that appellant had collected from him in 22 months the sum of $790, which constituted payment of the entire principal on said loan and said insurance expenditure, and in addition thereto the sum of $55.17, and that said sum of $55.17 and the balance of said note constituted interest on said loan of $704.60, and that said contract was therefore usurious.

In the alternative appellee alleged that, if appellant should be held to be the assignee of said note, it had knowledge and notice of the usurious nature of the contract and was estopped to assert that it was a bona fide purchaser of said note and mortgage.

Appellee prayed for the cancellation of the balance of $209.28 due on said note and said chattel mortgage and for judgment for $110.34 alleged to be twice the amount of usurious interest collected from appellee.

Appellant answered by general demurrer and general denial.

The jury, in answer to special issues submitted, found: (1) That when appellee purchased said Plymouth automobile from Avenue Motors, Inc., it was agreed that the selling price thereof was $954.60; (2) that after paying the sum of $110 in cash and receiving a credit of $140 for an automobile traded in, there then remained a balance of $704.60 owing by appellee to Avenue Motors, Inc., on the price of said automobile; (3) that on or about July 21, 1936, appellant, Mossler Acceptance Company, loaned appellee said balance of $704.60 to pay Avenue Motors, Inc., for said automobile; and (4) that appellee by signing the note in question did not agree to pay appellant more than 10% interest per annum on the loan of such money after deducting the sum of $46.33 for insurance. (5) On instruction from the court special issue No. 5 was not answered. (6) The jury found further that appellant, at the time of the execution of said note and chattel mortgage, had notice that the selling price of said automobile to appellee by Avenue Motors, Inc., was $954.60; (7) that when appellee purchased said automobile, it was agreed between him and Avenue Motors, Inc., that the selling price of said automobile to him was the sum of $110 in cash, $140 trade in, and the note for $999.88; and (8) that appellee by signing the note in question agreed to pay the difference between the $704.60, together with insurance of $46.33, and the amount of the note, $999.88, as interest on the balance of $704.60.

Based on the answers of the jury to said issues, the trial court entered judgment in favor of the appellee, cancelling said note and chattel mortgage and awarding judgment in favor of appellee in the sum of $69.88, which was found to be double the amount of usurious interest paid.

Appellant contends that the court committed reversible error in submitting to the jury the issue as to whether appellant loaned appellee said balance of $704.60 to pay Avenue Motors, Inc., for said automobile and in rendering judgment on the answer made thereto.

We do not concur in this view. Appellee pled, and the jury found on evidence deemed to be sufficient, that appellee contracted to purchase said Plymouth au-

tomobile from Avenue Motors, Inc., for the sum of $954.60 and that, after he had paid the sum of $110 in cash and had received a credit of $140 for an automobile traded in, there remained a balance due Avenue Motors, Inc., of $704.60, which amount appellant loaned to appellee to pay Avenue Motors, Inc., for said automobile. The jury further found that, at the time of the execution of said note and chattel mortgage, appellant had notice that the selling price of said automobile was $954.-60, and that appellee, by signing said note, agreed to pay the difference between $704.-60, with an insurance premium of $46.33, and the amount of said note, as interest.

The record shows that appellee negotiated directly with a representative of appellant for said loan and that he afterwards executed said note for the sum of $999.88 to procure funds with which to pay Avenue Motors, Inc. The terms of said loan, including the amount of cash payment made by appellee, were dictated by a representative of appellant and said note and chattel mortgage were prepared by appellant and were signed by appellee at its place of business. Said note was made payable to Avenue Motors Inc., and was indorsed by it and assigned, without recourse, to appellant.

The Commission of Appeals in the recent case of Temple Trust Company et al. v. Haney, 126 S.W.2d 950, under a similar state of facts, has passed on almost an identical question to that presented on this appeal. In the Haney case a borrower negotiated directly for a loan of $2,230 with the local representative of a loan company which prepared all papers. Borrower was required to execute a mechanic's lien note for $2,500 payable to one who immediately assigned it to the loan company. Judgment was rendered by the trial court holding said contract to be usurious. The Commission of Appeals in sustaining this judgment held that, while practically the only evidence indicating that Manning, the party to whom said note was made payable, had anything to do with the matter was the form of the instruments that this evidence was ample to support a finding that the form which the loan took was purely simulated and that the finding of the trial court in this regard was conclusive.

This rule is followed in the very recent case of Keltner et ux. v. Glenn, 130 S.W. 2d 452, by the Austin Court of Appeals,

under a state of facts almost identical to the facts in the instant case.

Appellant further contends that the trial court committed reversible error in refusing to submit to the jury special issues Nos. 5 and 6 requested by appellant, which were designed to elicit findings from the jury as to whether appellant had bought said note from Avenue Motors, Inc., for the sum of $999.88.

We think that the submission of said issues to the jury would have served no useful purpose in this suit. While the jury found, in answer to special issue No. 3, that appellant loaned appellee said balance of $704.60 to pay Avenue Motors, Inc., the balance due on said automobile, it also found, in answer to special issue No. 6, that at the time of the execution of said note appellant had notice of the fact that the selling price of said automobile to appellee was $954.60, and in answer to special issue No. 8, that appellee had agreed to pay the difference between the balance due and the amount of said note as interest.

Further, an affirmative finding by the jury that appellant had purchased said note would have been of no benefit to appellant, since it is the established rule in this state that where a note is usurious, it is void as to all interest even in the hands of a bona fide purchaser before maturity. Volunteer State Life Ins. Co. v. Sumner, Tex.Civ.App., 74 S.W.2d 319; Trinity Universal Ins. Co. v. Kerrville Hotel Co., 129 Tex. 310, 103 S.W.2d 121, 110 A.L.R. 442.

We conclude from the above facts that the transaction in question constituted a loan to appellee of $704.60; that the difference between said $704.60 and said insurance expenditure of $46.33 and the sum of $999.88, the amount of said note, must be treated as interest and that, so treated, both said note and said chattel mortgage were tainted with usury. It follows that the said sum of $34.69 constituted usurious interest paid and that appellee was entitled to recover double that amount from appellant.

We have considered each of the other propositions presented in appellant's brief. None of them, in our opinion, show any error in the record which requires a reversal of the judgment. The judgment of the trial court will, therefore, be in all things affirmed.

Affirmed.