Court of Criminal Appeals of Texas.
March 31, 1948.

No attorney for appellant.

L. E. King, County Atty., Sabine County, of Hemphill, and Ernest S. Goens, State's Atty., of Austin, for the State

BEAUCHAMP, Judge.

Appellant was assessed a fine of $50 and thirty days in jail on a charge of swindling.

The same questions of procedure are involved in this case as in Clegg v. State, Tex. Cr.App., 210 S.W.2d 151, and Hogan v. State, Tex.Cr.App., 210 S.W.2d 152. They are not companion cases to this one, however. It may be suggested, with some hope of the caution being of value, that it would be difficult to find three cases with more irregularities, both on the part of the prosecution and the defense, than those which appear in these three cases.

In the instant case we find a complaint and information charging swindling in the amount of $52.50 which on its face,

as any court and any prosecuting attorney should know, charges a felony of which the county court has no jurisdiction. It must be presented to the district court by indictment.

We note that the charge of the court, submitting the case to the jury, says that the defendant is "charged with the offense of obtaining money from E. N. Polke in the sum of $37.50 by giving to E. N. Polke a check for $52.50." This charge is not warranted by the record and cannot be construed to give the county court jurisdiction.

The judgment of the trial court is reversed and the prosecution is ordered dismissed.

## ASSOCIATES INV. CO. v. THOMAS.
### No. 14923.

Court of Civil Appeals of Texas.
Fort Worth.
March 19, 1948.

Rehearing Denied April 16, 1948.

414

D. A. Webb, of Fort Worth, for appellant.

Frank Massey, of Fort Worth, for appellee.

McDONALD, Chief Justice.

Versie Thomas, appellee here, purchased an automobile from Ward Motor Company. The cash purchase price of the car was $1527, to which there was added a tax of $36. The trade-in allowance on an old car was $52, and the cash payment was $761, leaving a balance of $750. For this balance appellee executed a conditional sales agreement, in the nature of a chattel mortgage, and a note in the principal sum of $952.50, payable in 15 monthly instalments of $63.50 each. On the day following the sale of the car the note and conditional sales contract were transferred to appellant, to whom appellee paid the full amount of the fifteen instalments.

Appellee brought this suit to recover the statutory penalty of double the amount of alleged usurious interest paid. Art. 5073, Revised Civil Statutes.

The evidence showed that $45 of the $202.50 difference between $952.50 and $750 was devoted to payment of an insurance

premium. The trial court, without a jury, found that usurious interest was paid in the amount of $157.50, and rendered judgment in favor of appellee against appellant in double that amount.

The principal argument between the parties is whether the $157.50 represented the difference between a cash selling price and a time selling price, or whether it was paid as interest on the deferred balance of the purchase price. The difference between the two situations, in legal contemplation, is thus stated in Standard Supply & Hardware Co. v. Christian-Carpenter Drilling Co., Tex.Civ.App., 183 S.W.2d 657, 660, writ refused:

■ "If the ten per cent financing charge here involved was compensation for 'the use or forbearance or detention of money,' it was 'interest' within the meaning of R. C.S. Art. 5069. See Parks v. Lubbock, 92 Tex. 635, 51 S.W. 322. If the ten per cent financing charge was an addition to the price charged for merchandise sold on an extended credit basis, over the price of the merchandise when sold on a current basis, at current prices, such charge is a legitimate commercial transaction. Rattan v. Commercial Credit Co., Tex.Civ.App., 131 S. W.2d 399, writ refused."

The court further declares, following the settled rule, that the transaction is to be tested by its substance and not its form.

In Rattan v. Commercial Credit Co., Tex. Civ.App., 131 S.W.2d 399, writ refused, it is held:

"Where, in a bona fide sale, no loan of money is involved, a purchaser buys an automobile from a regular automobile dealer for a credit price, known to the purchaser to be higher than the cash price, and signs a note and chattel mortgage for the unpaid balance, such transaction is an actual sale of the automobile on time or credit selling price, mutually agreed upon by the parties, and such note and mortgage thus given for the balance, providing for interest, only in case of default, at the highest legal rate, is not usurious. A seller may demand one price for cash and another and greater price upon credit, and it would not be usury."

■ In the case before us the written conditional sales contract provided that the car was being sold at a time selling price, referring to designated clauses of the contract for means of computing the amount thereof. However, there is testimony sufficient to show that the only price quoted to appellee was the cash price, to-wit, $1527; that the seller told appellee that he would arrange for the financing of the deferred balance; that the matter was taken up with appellant before the sale was made, that the latter checked appellee's credit and talked to her, and examined the car, and agreed to finance the sale before it was made; and that appellant prepared the note and contract and participated in the closing of the sale. Appellant paid Ward Motor Company the sum of $789 on the following day.

The conditional sales contract, after reciting that Versie Thomas agrees to purchase the described car, reads in part as follows:

"Together with all equipment and accessories thereon, all of which are included in the term 'motor vehicle' as used herein, for a Total Time Selling Price equal to the sum of Items (A and D) in the following tabulation:

| | |
|---|---|
| Cash Price of motor vehicle.... | $1527.00 |
| Accessories .................. | $——— |
| Sales Tax ................... | $   36.00 |
| Services .................... | $——— |
| (A) Total Bona Fide Cash Price | $1563.00." |

Following this tabulation is shown the allowance for the old car which was traded in, and the amount of cash paid.

The tabulation then continues:

"(B) Total Down Payment..... $813.00
(C) Unpaid Cash Balance (Deferred Balance) (difference between A and B).. $750.00
(D) Total finance charge and insurance premium for which credit is extended $202.50
The Time Balance (sum of C and D) .............. $952.50"

Immediately following this tabulation is the statement: "I agree to pay at the office of the Associates Investment Company at Fort Worth, Texas, the amount of said Time Balance."

The note, which is at the bottom of the page on which is written the condi-

tional sales contract, provides that it is payable at the office of appellant at Fort Worth. On the reverse side of the page is a printed form of assignment, naming appellant as assignee. There is evidence that it was the custom of appellant to furnish such printed forms of contract and note to automobile dealers, and that it was also its custom to furnish the dealers with charts showing how much should be added to the sales price when a note should be given for a deferred balance of the sales price of the car.

The testimony warrants a conclusion that the car was actually sold at the cash purchase price, as far as buyer and seller were concerned, that the finance company in effect agreed to advance and actually did pay to the seller the balance of the cash price, and that the difference between the deferred balance and the note, except for the insurance charge, represented the amount charged by and paid to appellant for the use of its money.

■■ The trial court rendered judgment in favor of appellee, finding that usurious interest had been paid. The effect of the judgment and finding is that the car was sold at the cash price of $1527, and not at a greater credit price. The testimony was in some degree conflicting, but on appeal we must give weight to the testimony that tends to support the judgment, and view it in the light most favorable to appellee. Express findings, and findings implied from the nature of the judgment rendered, will not be disturbed on appeal where there is some evidence to support them, even though the appellate court might have reached a different conclusion therefrom. While the court might reasonably have found from the evidence before him that the sale was for a credit price, and within the rule declared in Rattan v. Commercial Credit Co., supra, there was evidence from which he could reasonably conclude that the substance of the transaction was that Ward Motor Company sold the car to appellee for $1527, that appellant advanced the unpaid balance of the purchase price, and that, to use the very terms of the conditional sales contract, it charged and collected

from appellee the sum of $202.50 for the "total finance charge and insurance premium for which credit (was) extended," being $45 for the insurance premium, and $157.50 for the "finance charge."

■■ Appellant contends that appellee is estopped to claim usury on the ground that she executed a written contract warranting that the amount set out therein was a time selling price. Parol evidence was admissible to show the usurious character of the transaction, 42 Tex.Jur. 985, and any so-called warranty that the contract might have contained would be no bar to a suit for penalty if the contract concealed what was in fact a usurious transaction between appellant and appellee. We think that the trial court could reasonably have inferred from the facts and circumstances shown by the evidence, including the very terms of the sales contract itself, that the transaction was usurious, and that appellant knew that it was. In such event no estoppel would arise by reason of the terms of the written contract.

■■ Nor, in such a case, would estoppel arise by reason of the fact that appellee paid the instalments without complaint, even if she knew that the written contract did not truly set out the oral agreement of the parties. Parties often undertake to conceal usury by writing a contract differing from the real agreement of the parties, but the courts will inquire to ascertain the actual agreement, and will declare the agreement usurious if it requires the payment of usurious interest, even if it is given another name in the contract.

■ Appellee testified that she signed the blank forms of the note and contract before they were filled out, and that she did not know of their terms until after she had paid the first monthly payment. The fact that she paid the remaining instalments without complaint is not controlling. Payment of the usury with knowledge that it was usury does not preclude a recovery of the penalty.

■ Appellant complains of the admission of testimony given by Mr. Ward, president of Ward Motor Company, in another suit. Ward, individually, was made

a party to the present suit, but the suit was ordered dismissed as to Ward, probably because the evidence showed that he was not personally liable. The testimony given in the other suit was admitted only as an admission against Ward, and we are unable to see how it could have prejudiced appellant, especially in view of the fact that the case was tried before the court without a jury.

Complaint is also made because the court admitted in evidence a maximum price regulation promulgated by the Price Administrator. We think that the regulation was properly admitted, as a circumstance tending to show whether or not the seller and the purchaser agreed to a sale of the car at the maximum price allowed by such regulation, which was $1527, or at a credit price which would have been in excess of such maximum price.

The judgment of the trial court is affirmed.