## MOSSLER ACCEPTANCE CO. v. McNEAL.
### No. 12470.

Court of Civil Appeals of Texas. Galveston.
Oct. 30, 1952.

Cutrer & Cook and W. Lawrence Cook, Jr., of Houston, for appellant.

W. B. Irwin, Jr. and Eugene Chambers, of Houston, for appellee.

GRAVES, Justice.

This appeal is from a judgment of the court below, Hon. Phil Peden, Judge, sitting without a jury, in favor of the appellee against the appellant as for double the amount of usurious interest found by the court to have been collected by the ap-

pellant against the appellee, pursuant to Article 5073, Vernon's Texas Civil Statutes 1948. On its appeal to this Court from such action below, the appellant presents this single point of error:

"The error of the court in rendering judgment for the appellee, there being no competent evidence to establish the case pleaded by the appellee, which was that the appellant loaned money to the appellee, and that the appellant knowingly received and collected usurious interest from the appellee."

This Court is unable to sustain the contention thus made. The trial court was not requested by either side to make findings of fact, or conclusions of law, and did not do so, other than as recited in its stated judgment.

In view of the appellant's position that there was no competent evidence to establish the case as alleged and so prosecuted by the appellee, the case as so acted upon by the trial court is thought to have been correctly thus stated by the appellee in his brief, filed herein:

"Appellee, R. C. McNeal testified that he purchased a 1950 Chevrolet Automobile on June 10th, 1950, from City Motor Sales, for a cash price of $2,414.17, (S.F.18). Appellee further testified that he traded in an older automobile, for which he was allowed a $600.00 credit, and that he paid $234.00 in cash, leaving a balance due on the Chevrolet of $1,580.00 (S.F.19). Appellee further testified that he was charged $100.00 for insurance on said Automobile making a total unpaid balance of $1,680.00, (S.F.19). Appellee testified that at the time of the purchase he signed a conditional sales contract, in which his payments were to be made to appellant herein (S.F.20) and that he made payments to appellant in the total sum of $2,035.00, (S.F. 21–22). Appellee testified that there was only one price quoted to him on the said 1950 Chevrolet by City Motor Sales and that was the cash price of $2,414.17, (S.F.24).

"J. L. Claverie, called as an adverse witness by appellee, testified that he was employed by appellant as a credit man, (S.F.2). He further testified that he was Secretary of the Standard Fire And Casualty Insurance Co., (S.F. 3) and that a number of officers of appellant, Mossler Acceptance Company are also officers of Standard Fire And Casualty Co., (S.F.3), Plaintiff's Exhibit No. 1 was identified by Mr. Claverie as a Purchaser or Borrower's copy of an insurance policy, (S.F.6). Said Exhibit No. 1 shows Appellee as the borrower and lists Appellant as the named Insured. Said Exhibit also shows the *Cash* Price of the said Automobile as $2,414.17 as well as the trade-in allowance of $600.00 and a cash payment of $234.17. Mr. Claverie testified that as Secretary of Standard Fire And Casualty Insurance Company, his signature was affixed to said Exhibit No. 1 and that he was aware of all the information contained thereon, (S.F.6). Claverie further testified that the employees of Appellant furnished the Standard Fire And Casualty Insurance Company with the figures on said Exhibit No. 1, i.e., cash price, trade-in allowance and cash payment, (S.F.8). Claverie further testified that before a conditional sales contract is purchased from a dealer, Appellant must know the amount of money involved, the down payment, and the purchase price, (S.F. 12) and that this was true in the instant case, (S.F.13). Claverie also identified Plaintiff's Exhibit No. 2 as a form regularly used by Appellant, Mossler Acceptance Company, which is sent to all new accounts, (S.F.9). Exhibit No. 2 shows all the information in relation to the Chevrolet Automobile that is shown on the top part of Plaintiff's Exhibit No. 1 with the exception of the figures as to cash price, trade-in, cash payment and balance due. (See original Exhibits #1 and #2 in back of S.F.). Claverie testified that this is a printed form and that the *blacked-out* area is printed in originally.

(S.F.9). However, he was unable to explain the presence of figures extending below this blacked-out section (S.F.9), which match identically the figures given in Plaintiff's Exhibit No. 1."

■ Of course, it is true that the appellee did not technically plead that the appellant loaned money to him, but the recitations from his quoted pleadings indisputably show, it is thought, that he did essentially the same thing—i. e., he expressly plead that the appellant had had full knowledge of the entire transaction involved in his purchase of the 1950 Chevrolet Automobile from the City Motor Sales for the cash price of $2,414.17. Further, that it had caused the City Motor Sales to make the assignment of the conditional sales contract he had made with it to Appellant, and that the only purpose of appellant in so doing was for the purpose of concealing that it was then charging the appellee with and collecting from him a greater interest than the cited Statute permitted.

The appellee cites these authorities as upholding such pleading upon his part as constituting usurious interest, under our Statutes: Associates Investment Co. v. Baker, Tex.Civ.App., 221 S.W.2d 363; Associates Investment Co. v. Hill, Tex. Civ.App., 221 S.W.2d 365; Associates Investment Co. v. Ligon, Tex.Civ.App., 209 S.W.2d 218; Associates Investment Co. v. Sosa, Tex.Civ.App., 241 S.W.2d 703; Associates Investment Co. v. Thomas, Tex. Civ.App., 210 S.W.2d 413; Commerce Trust Co. v. Best, 124 Tex. 583, 80 S.W. 2d 942; Continental Royalty Co. v. Marshall, Tex.Civ.App., 239 S.W.2d 837; G. F. C. Corporation v. Williams, Tex.Civ. App., 231 S.W.2d 565; Harden v. Federal Farm Mtg. Corp., Tex.Civ.App., 223 S.W.2d 39; Kelly v. Applewhite, Tex.Civ.App., 231 S.W.2d 974; Mossler Acceptance Co. v. Alexander, Tex.Civ.App., 137 S.W.2d 815; and Rattan v. Commercial Credit Co., Inc., Tex.Civ.App., 131 S.W.2d 399.

There can be, it is thought, no doubt that the authorities cited by the appellee sustain his contention that the transaction in this instance amounted to the collection of the usurious interest sum so allowed by the trial court, and that the statement of facts, containing as it does the full testimony of the appellee and of Mr. Claverie for the Insurance Company involved, along with the insurance policy involved, the sales contract between appellee and the City Motor Sales, and the itemized accounts between appellant and appellee in the dealings between them, furnishes sufficient evidence to support the trial court's judgment.

■■ In other words, it is held that the pleadings and evidence were sufficient to support findings upon the trial court's part that the appellant had full knowledge at the time it was made of the entire transaction between the City Motor Sales and the appellee in making the contract involved, and that it caused the assignment of that contract to itself for the purpose of charging and collecting usurious interest; further, that the payments from the appellee to appellant were shown to have amounted to a total of $2,035, upon an unpaid balance due from him to it of $1,680, which only ran for a period of sixteen and two-thirds months.

Further discussion is deemed unnecessary. Hence, the judgment will be affirmed.