**F. H. BRADFORD, Appellant,**

v.

**C. E. MACK et al., Appellees.**

**No. 5505.**

Court of Civil Appeals of Texas.

El Paso.

June 20, 1962.

Rehearing Denied July 25, 1962.

See also 359 S.W.2d 941.

Arthur A. Klein, Harlingen, for appellant.

Glusing & Sharpe, Kingsville, King, Anderson & Porter, Corpus Christi, for appellees.

FRASER, Justice.

This is an appeal from a case in the above district court where the plaintiff-appellant, Bradford, won a money judgment but was denied his plea to delete the total amount of interest from a conditional sales contract.

Appellant F. H. Bradford, who was plaintiff below, had done business with one C. E. Mack and his garage, known as C. E. Mack Pontiac, for some years. On his way from his work in Victoria to his home in Harlingen, plaintiff stopped at defendant's place of business to have the transmission of his car checked out by the mechanics. It was late Saturday afternoon, and during the conversation C. E. Mack suggested that plaintiff try out one of their demonstrator cars which they had for sale. The demonstrations and conversations resulted in an agreement by plaintiff to buy the car. Plaintiff's testimony is that he trusted C. E. Mack, and for that reason signed the papers proffered to him in blank. He maintains that their trade was clear and distinct, and that he was to turn over his other Pontiac for the new one and pay $2100.00 difference. He stoutly maintains, also, that he had advised C. E. Mack that he owed a bank in Harlingen some five or six hundred dollars secured by a chattel mortgage on the car he was turning in. The agreement being consummated, he drove the new car home. The papers arrived at his home during his absence, and his wife testified that she put them in a lock box without opening the envelopes. Bradford testified that he paid

eighteen payments as they became due, because that was the number of payments or coupons in the book sent to him by General Motors Acceptance Corporation, which had purchased the conditional sales contract from C. E. Mack. After completing his eighteenth payment, Bradford was notified that he was in default, and then found out that the balance filled in on conditional sales contract was $2920.00 instead of $2100.00, and that the sum of $630.84 had been added for finance or carrying charges. Bradford testified that their contract was as set forth hereinbefore, and "reasonable carrying charges". He continued to pay on this contract until he had paid an amount in excess of $2300.00. Bradford, as plaintiff, then brought suit against C. E. Mack and C. E. Mack Pontiac, asking for reformation and recision of the contract and, in the alternative, damages against C. E. Mack for fraudulent misrepresentation, alleging that Mack had promised he would fill in the contract in accordance with their verbal agreement and had not done so. GMAC, to whom the contract had been sold by defendant Mack, filed a cross-action seeking to recover the balance of the contract, which amounted to $1365.00 including attorneys' fees. During the trial Bradford abandoned his plea for reformation and recision, electing to proceed against defendant Mack solely on the claim for damages. He also filed a defense of usury against the claim of GMAC, seeking to have the interest or finance charge deleted and subtracted from the amount sued for by GMAC. The jury found that C. E. Mack had made fraudulent representations to Bradford and awarded him, as damages against Mack, the exact sum due or claimed by GMAC, plus $500.00 exemplary damages, and the court entered judgment for these amounts. With reference to Bradford's defense against GMAC, the court denied his plea of usury and awarded judgment to GMAC. So it will be seen that in the trial court Bradford recovered from Mack the exact amount GMAC claimed he owed as a balance, plus $500.00 exemplary damages. As a result of the judgment denying his plea of usury, Bradford was then left having to pay the entire sum of $1365.00 to GMAC.

The appeal here is only from that part of the action of the court in holding that the contract was not usurious and that therefore the charge of $630.84 should not be deleted from the amount 'due GMAC, as provided by Article 5071, Vernon's Ann. Civ.St., hereinafter set forth in this opinion.

Appellee's position is that Bradford, having chosen to abandon his plea for recision and reformation, and having recovered his damages against Mack, therefore could not gain additional compensation by having the finance charge deducted from the amount sued for on the cross-action filed by GMAC; this, on the ground that same would be double recovery. So we are concerned here with the question of whether or not Bradford could recover his damages against Mack for fraud and misrepresentation and, at the same time, succeed in his defense of usury to the cross-action of GMAC.

It has long been established that a litigant seeking to gain an advantage by virtue of one asserted remedy or defense must abandon or waive any defense or remedy inconsistent therewith. Kingsbery v. Phillips Petroleum Co., Tex.Civ.App., 315 S.W.2d 561; City of Houston v. Adams, Tex.Civ.App., 269 S.W.2d 572 (aff'd 154 Tex. 448, 279 S.W.2d 308). We are of the opinion, however, that such principle does not apply in the present case. Bradford had his suit and recovered against the man who defrauded him. He, in turn, was then faced with a cross-action by GMAC, who had purchased the contract. His defense to this cross-action was usury, a different position than that taken against Mack. The contract shows on its face this finance or carrying charge, and it is set out as such. There seems to be no controversy that the charge is in excess of the legal amount of interest allowed in the State of Texas.

Article 5071, V.A.C.S., provided as follows:

"The parties to any written contract may agree to and stipulate for any rate of interest not exceeding ten per cent. per annum on the amount of the contract; and all written contracts whatsoever, which may in any way, directly or indirectly, provide for a greater rate of interest shall be void and of no effect for the amount or value of the interest only; but the principal sum of money or value of the contract may be received and recovered."

Appellee argues that the price charged Bradford was a credit price and therefore was not usurious under the line of cases headed by Rattan v. Commercial Credit Company, Tex.Civ.App., 131 S.W.2d 399, where two prices are quoted, one for cash and one for credit; the difference between the two is not interest. Appellee further argues that Article 5074a, V.A.C.S., applies because it holds as follows:

"If the seller shall have furnished the purchaser an itemization in writing of such cost items as the seller has taken into consideration in arriving at the time credit price * * * said written contract shall constitute prima facie evidence of the fact that said motor vehicle was sold for a time credit price."

The record appears to indicate here, however, that Article 5074a, V.A.C.S., does not apply because the seller failed to itemize each item taken into consideration in arriving at the time price. We will not enlarge on this point other than to say that certain items, such as a balance owed by Bradford on the car he was turning in, and other items, were apparently not set forth. In any event, inspection of the contract in question reveals that $630.84 is set out as a separate and distinct item for "finance charge". According to the terms of Article 5071, V.A.C.S., if this amount is usurious, then the interest provision of the contract is void. It appears to us that this amount is usurious. Therefore, we believe that such amount cannot be collected. It must be noted that the provisions of this statute point out that the interest provisions are void, not voidable. Therefore, we do not believe that Bradford abandoned this defense in recovering damages against the car seller, Mack. This contract, with this usurious interest amount clearly set forth on its face, is obviously void as to the interest amount of $630.84. Hence, such amount is uncollectible and should be deducted from the amount allowed by the court to General Motors Acceptance Corporation.

The court found that this contract was not usurious, but we do not agree with this finding, as the jury found that only one price had been quoted to Bradford, and (for the reason set forth above) this finance charge is clearly itemized and set forth on the face of the contract, and is obviously an amount in excess of the legal rate of interest permitted. Further, Mr. Arthur A. Klein testified that he had made a pretty thorough study of interest and discount rates because he represented several banks and finance companies, and that the interest in this particular contract, based on the chart furnished by GMAC which, according to the record is 6.8 per cent on a per-month payback basis, actually amounts to a little over 13 per cent simple interest.

For the above reasons, the judgment of the trial court is reversed and rendered in favor of the appellant in the amount of $630.84. The judgment of the trial court will be reformed so as to deduct the amount of $630.84 from the amount of the note on which the trial court allowed General Motors Acceptance Corporation judgment against appellant Bradford.

ON MOTION FOR REHEARING

Appellee General Motors Acceptance Corporation has filed its motion for a rehearing relative to the matter of the finance charge, again alleging and maintaining that

such was not usurious and that the transaction in controversy complied with and came under the protection of Article 5074a, V.A.C.S.

We have reviewed the entire matter and do not find any additional information or sufficient reason in the motion to reverse our original holding.

It is clear from the record that C. E. Mack did not, in the contract which he sold to G.M.A.C., correctly and sufficiently itemize the cost items that he took into consideration in arriving at what he calls the time credit price. For example, as will be recalled, appellant Bradford claimed that the difference in the two cars was to be $2100.00, whereas the contract was filled in for the amount of $2920.00. Examination of this contract reveals that it shows a net trade-in value of his old car of $757.70, a documentary fee of $10.00, and a finance charge of $630.84 which includes a $29.60 item for group creditor insurance. And yet, on page 17 of the Statement of Facts, we find this statement by C. E. Mack:

"That $2920.00, he owed $569.00 or $567.00 on his car, I think there was $190.00 some dollars for transmission work, take the $2100.00 and add all that to it, and I think you will come out right on $2920.00, that's where the money come from."

These various items for repair and indebtedness on the original car were not itemized in any place on the contract other than the mere statement that he was allowing $567.00 net trade-in value on the old car. Also, on page 77 of the Statement of Facts, it appears that there was a $60.00 item for sales tax which, according to the statement there found, C. E. Mack stated that he had paid $60.00 for sales tax on a new car. This item does not appear on the conditional sales contract or invoice. Also we have again examined the record and find that there was sufficient evidence to warrant the jury's finding that only one price had been quoted to the purchaser of the car, F. H. Bradford, that price being $2100.00 difference between his car and the new car. In closing, we might say there were other items, such as the license, tax, and title expenses included.

With reference to the case of Gill v. Universal C. I. T. Credit Corp., Tex.Civ.App., 282 S.W.2d 401, cited and relied upon by G.M.A.C., we should like to point out that the court says at page 407 of that case the following:

"The Wade and other automobile sales contracts on their face and by their plain and unambiguous terms purport to be on the credit or 'time sales' contract prices, which contracts were duly signed by each of the purchasers of said automobiles with *the provision in said contracts that they had 'been quoted a time price and a lesser cash price'* and had elected to buy the car for the time price, which contracts were filled out by appellant Gill and accepted by him." (Emphasis ours).

This, we think, is a very substantial distinction between that case and this one. We think the legal principles set out in Associates Investment Co. v. Sosa, Tex.Civ. App., 241 S.W.2d 703 are still in effect and are applicable here. This case is distinguished from the authority cited by G. M. A. C. in that we have here a definite and distinct jury finding that C. E. Mack quoted only one price to F. H. Bradford, plus the fact that a casual check with the financial or interest compilation will show that the item set forth as a finance charge is usurious.

In re-examining this matter we have discovered an error in our original opinion, and such opinion on file here has been corrected to comply with the facts as they existed at the time the opinion was written. The error consists of the omission of the word "not" in the third paragraph of the opinion, which is found at the bottom of page 2. This word is twice omitted from such paragraph, and the paragraph has

been amended so that it now reads as follows:

"The appeal here is only from that part of the action of the court in holding that the contract was not usurious and that therefore the charge of $630.84 should not be deleted from the amount due GMAC, as provided by Article 5071, V.A.C.S., hereinafter set forth in this opinion."

This change, of course, does not affect the judgment as it was merely an erroneous recital of the findings of the lower court.

The motion of General Motors Acceptance Corporation for rehearing is in all things overruled.