Dora Mae AVANT, Appellant,

v.

**GULF COAST INVESTMENT CORPORA-TION, Appellee.**

No. 17441.

Court of Civil Appeals of Texas, Dallas.

May 22, 1970.

Rehearing Denied July 24, 1970.

Douglas A. Barnes, Keck & Barnes, Bill Cole, Dallas Legal Services Project, Dallas, for appellant.

Mark Davenport, Atwell, Malouf & Musslewhite, Dallas, for appellee.

CLAUDE WILLIAMS, Justice.

This is an appeal from a take nothing judgment, based upon a jury verdict, in a suit for usury double damages pursuant to Art. 5073, Vernon's Ann.Civ.St. of Texas.[1] Dora Mae Avant alleged that she had executed a note which provided for usurious rate of interest to Interstate Builders & Supply, Inc., and that such note had been assigned to Gulf Coast Investment Corporation; that such company had taken the note with notice of the usury and was therefore subject to the penalty then prescribed by statute.

Gulf Coast Investment Corporation asserted a number of affirmative defenses including that of cash price-time price option.

The court submitted Special Issue No. 1 to the jury, as follows:

"Do you find from a preponderance of the evidence that Interstate Builders & Supply Company offered Dora M. Avant a choice between a cash price and a higher credit price for the installation of carpeting?"

To which the jury responded, "Yes".

The court overruled plaintiff's motion for judgment *non obstante veredicto* and rendered judgment denying plaintiff any recovery against defendant.

Appellant, in her first four points of error grouped together, contends that the trial court erred (1) in submitting Special Issue No. 1 as there was no evidence to support such submission; (2) there was insufficient evidence to support such submission; (3) in overruling plaintiff's motion for directed verdict; and (4) in overruling plaintiff's motion *non obstante veredicto*.

Our Supreme Court in McDonald v. New York Central Mutual Fire Ins. Co., 380 S.W.2d 545 (Tex.1964) pointed out that the first two points are "no evidence" points. If there is any evidence of probative force to justify the submission of a special issue to a jury the trial court is obligated to submit same even though, on motion for new trial, he may set aside and disregard such answer because of the insufficiency of the evidence to support the answer of the jury thereto. Obviously, the third and fourth points are "no evidence" points. Accordingly, in deciding these questions of law we review the record to determine whether there is any evidence of probative force to support the submission of the issue and also the answer of the jury thereto. In our review we consider the record most favorably to appellee. Having done so we are convinced that appellant's attacks cannot be sustained.

Appellant testified that she purchased carpeting for her house from Interstate and that she signed all of the instruments involved in the transaction. Such instruments included the original contract between appellant and Interstate; the promissory note in question; a contract for labor and materials and trust deed; and a credit statement. All of these instruments clearly reflect a cash price of $480 and a time-credit price of $613.06 payable in 36 monthly installments of $17.04 each. On cross-examination appellant testified that she understood that she could pay the cash price for the carpeting at the time of the sale; that there was no question in her mind about her ability to pay such cash

---

1. Repealed 1967—now Art. 5069–1.06, V.A.C.S.

price; that she had the money to pay the cash; that instead she wanted to pay it out on time; that she fully understood at that time that there was a higher price for paying it out on time but that she chose to follow that alternative and to pay for the carpeting over a period of time.

At all times material to this litigation the settled law of Texas on the subject had been announced by this court in Rattan v. Commercial Credit Co., 131 S.W.2d 399 (Tex.Civ.App., Dallas 1939, writ ref'd). That case involved the purchase of an automobile and the contention was made that the note given in payment therefor was usurious. This court said:

"Where, in a bona fide sale, no loan of money is involved, a purchaser buys an automobile from a regular automobile dealer for a credit price, known to the purchaser to be higher than the cash price, and signs a note and chattel mortgage for the unpaid balance, such transaction is an actual sale of the automobile on time or credit selling price, mutually agreed upon by the parties, and such note and mortgage thus given for the balance, providing for interest, only in case of default, at the highest legal rate, is not usurious. A seller may demand one price for cash and another and greater price upon credit, and it would not be usury."

See also Ramey v. Amarillo Investment Co., 356 S.W.2d 823 (Tex.Civ.App., El Paso 1962, writ ref'd n.r.e.); Gardner v. Associates Investment Co., 171 S.W.2d 381 (Tex.Civ.App., Amarillo 1943, writ ref'd w.o.m.); Standard Supply & Hardware Co. v. Christian, etc., 183 S.W.2d 657 (Tex.Civ.App., Galveston 1944); and 58 Tex.Jur.2d, Usury, § 12, p. 78.

■ There being ample evidence to support the submission of the ultimate issue to the jury as well as the answer of the jury given thereto, appellant's Points 1–4 are overruled.

■ We see no merit in appellant's Point 5 wherein she contends that by submitting Special Issue No. 1 the trial court "shifted the burden of proof to the plaintiff to negate the affirmative defense rather than prove its case by a preponderance of the evidence." Special Issue No. 1 obviously submitted to the jury the only question presented by the record. Appellee conceded that if no choice had been given appellant then the note would be usurious. The issue as submitted clearly places the burden of proof upon appellee to establish its affirmative defense.

■■ By Points 6 and 7 appellant contends that the trial court erred in not submitting special issues covering appellant's theory of usury. These points are without merit. The trial court submitted the only issue of fact made by the pleadings and the evidence. Moreover, appellant never at any time made a proper request for the submission of special issues and therefore waived same. The only request made was contained in the objections and exceptions to the court's charge. Rule 273, Vernon's Texas Rules of Civil Procedure, is explicit in its requirement that issues requested must be made separately and apart from the party's objections and exceptions to the court's charge. See also our opinion in Cudmore v. Richardson-Merrell, Inc., 398 S.W.2d 640 (Tex.Civ.App., Dallas 1966, writ ref'd n.r.e., cert. denied, 385 U.S. 1003, 87 S.Ct. 705, 17 L.Ed.2d 542).

■ Again, in Point 9, appellant complains of the action of the trial court in refusing to submit "an instruction to clarify the facts inquired into in Special Issue No. 1." Appellant embodied in her objections and exceptions to the court's charge a "suggestion" that an instruction be given to the effect that there must be an offer of a definite cash price and a definite time price and the appellant must be put to the

option of choosing. No separate written request for instruction was tendered the court as required by Rule 273, T.R.C.P. We do not think that the suggested instruction was necessary or proper but if so it was waived.

■ In her Point 8 appellant says that the trial court should not have submitted Special Issue No. 1 "as it was confusing, misleading and allowed the jurors to think the credit price could contain interest." In support of this point appellant attached to her motion for new trial an affidavit from members of the jury in which said jurors expressed the opinion that appellant paid and appellee received interest. Each juror attested to the fact that because of the wording of Special Issue No. 1 they had no alternative in answering same because they believed that the "time price" inquired about was a cash price, plus interest. We see no error reflected in this point. The special issue as submitted by the trial court is clear and unequivocal. The fact that the jurors may have not understood the legal effect of the answer given to the issue or that they may have reached the answer based upon an erroneous conclusion or erroneous logic is certainly immaterial and no grounds for a charge of jury misconduct. None of the jurors appeared in court and testified. It is well established in our law that the mental processes and motives of the jurors are not the subject of inquiry. Pope, The Mental Operations of Jurors, 40 Tex.Law Rev. 849. Jurors' deductions, inferences from the evidence, and reasoning, though faulty, illogical, arbitrary or bizarre, do not constitute misconduct. Griffith v. Hudspeth, 378 S.W.2d 153 (Tex.Civ.App., San Antonio 1964).

We have carefully examined all of appellant's points of error and find the same lacking in merit. No reversible error having been demonstrated, the judgment of the trial court is affirmed.

Affirmed.