MID STATES HOMES, INC., Appellant,

v.

Barbara H. SULLIVAN, Appellee.

No. 8359.

Court of Civil Appeals of Texas, Beaumont.

Nov. 8, 1979.

Rehearing Denied Dec. 6, 1979.

Gary R. Gurwitz, McAllen, for appellant.

Robert E. Hughes, Buna, for appellee.

CLAYTON, Justice.

Appellee, Barbara Sullivan, filed suit against appellant, Mid-State Homes, Inc., seeking recovery for usury penalties and attorney's fees. In a non-jury trial, based upon stipulation of facts, the court entered judgment for appellee from which this appeal has been perfected.

■ The written stipulation shows that the parties entered into a sales contract or contract for deed whereby appellant agreed to sell appellee a tract of real property and the house located thereon. The sale contract provides for the consideration to be as follows:

| | | |
|---|---|---:|
| 1. | Cash price | $4,350.00 |
| 2. | Cash down payment | 150.00 |
| 3. | Unpaid balance of cash price —amount financed | 4,200.00 |
| 4. | Finance charge | 3,518.40 |
| 5. | Total of payments | 7,718.40 |
| 6. | Annual percentage rate | 11.4% |

Appellee purchased the property based upon the above recitations and executed a contract whereby she agreed to make 144 monthly installments of $53.60 a month, after payment of the last installment, was to receive a deed to the property.

Appellee brought this suit alleging the contract called for interest in excess of the allowable rate set forth in *Tex.Rev.Civ. Stat.Ann. art. 5069–1.02* (Vernon 1971). Appellant's position is that, under the stipulated facts, it is conclusively established that "time-price differential" rather than interest was charged in connection with this transaction, and, therefore, there can be no violation of the general interest ceiling as provided in *Tex.Rev.Civ.Stat.Ann. art. 5069–1.02* (Vernon 1971), and penalties under *Tex.Rev.Civ.Stat.Ann. art. 5069–1.06* (Vernon 1971) cannot be awarded. We agree.

■ The financial arrangement for the payment of the property is a "time-price differential" and is not an "interest" transaction. If the negotiations between a buyer and a seller involve a bona fide quotation of both a cash price and a credit price, the transaction does not involve usury, even though the quoted credit price is such as to exceed the cash price plus lawful interest thereon. See *International Harvester Co. v. Rotello*, 580 S.W.2d 418 (Tex.Civ.App.—

Houston [1st Dist.] 1979, no writ); *Anguiana v. Jim Walter Homes, Inc.*, 561 S.W.2d 249, 251–252 (Tex.Civ.App.—San Antonio 1978, writ ref'd n. r. e.); *Avant v. Gulf Coast Investment Corp.*, 457 S.W.2d 134 (Tex.Civ.App.—Dallas 1970, no writ); *Gill v. Universal CIT Credit Corp.*, 282 S.W.2d 401 (Tex.Civ.App.—Texarkana 1955, writ ref'd n. r. e.); *Rattan v. Commercial Credit Co.*, 131 S.W.2d 399 (Tex.Civ.App.—Dallas 1939, writ ref'd). Moreover, *Tex.Rev.Civ. Stat.Ann. art. 5069–1.01(a)* (Vernon 1971) specifically states that the term interest "shall not include any time price differential however denominated arising out of a credit sale."

If the sale contract shows on its face that there is a cash price and a deferred payment price which are revealed to the purchaser at the time of the making of the contract, and that the finance charges are set forth as such, the amount of such finance charges will not be deemed interest, but a time-price differential paid for the privilege of purchasing property to be paid for by the buyer in installments over a period of time. The contract between the parties in the case at bar falls squarely between these guidelines, and the credit price does not constitute usury.

The judgment of the trial court is reversed, and judgment here rendered that appellee take nothing.

REVERSED and RENDERED.