Francis ROTELLO, Appellant,

v.

TWIN CITY INTERNATIONAL, INC., et al., Appellees.

No. 17859.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 2, 1981.

Rehearing Denied April 30, 1981.

Sears & Burns, Charles Dippel, Houston, for appellant.

Vinson & Elkins, Robert A. Rowland, III, Susan A. Ohsfeldt, Houston, for appellees.

Before EVANS, WARREN and DOYLE, JJ.

EVANS, Justice.

The principal issue in this case is the validity of a finance charge added to the purchase price of certain farming equipment acquired under three retail installment contracts.

The plaintiff seeks in this action to recover penalties and attorney's fees for alleged violations of Tex.Rev.Civ.Stat.Ann. art. 5069 (Vernon 1971), contending that the finance charge in question was a) either interest that was usurious under subtitle one of article 5069 or was b) a time price differential not authorized and, therefore, unlawful under the provisions of subtitle two, article 5069. Both parties moved for summary judgment, and the trial court denied the plaintiff's motion and granted that of the defendants. The plaintiff brings this appeal.

■ Each of the retail installment contracts states a cash price and a deferred payment price which includes a time price differential denominated as a "finance charge." The face of each contract reflects the per annum percentage rate used to determine the finance charge. This method of disclosing the time price and credit price was expressly approved in *Rattan v. Commercial Credit Co.*, 131 S.W.2d 399 (Tex.Civ. App.—Dallas 1939, writ ref'd.), and *Anguiano v. Jim Walter Homes, Inc.*, 561 S.W.2d 249 (Tex.Civ.App.—San Antonio 1978, writ ref'd. n. r. e.). This court has held that if a retail installment contract shows on its face that there is a cash price and a deferred payment price which are revealed to the purchaser at the time of the contract and if the finance charges are set forth as such, the amount of such charges will not be deemed interest and, therefore, does not fall within the purview of the usury law. *International Harvester Co. v. Rotello*, 580 S.W.2d 418 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). The contracts in question are substantially similar, if not identical, to the contract considered by this court in *International Harvester Co. v. Rotello*, supra, and the finance charge in such con-

tracts does not constitute "interest" within the meaning of the usury statute.

 Neither do the finance charges constitute time price differentials regulated by subtitle two, article 5069. Chapter two of that subtitle contains only general provisions and chapters three, four and five pertain only to the regulation of "loans." Because the transactions in question involve no "cash advance" or "interest" charge, as defined in chapter, two, the transactions were not "loans" within the meaning of the statute. Chapter six regulates the charging of time price differentials in retail installment sales of "goods," which term is defined as "tangible personal property . . . when purchased primarily for personal, family or household use and not for commercial or business use. . . ." The record reflects that the farm implements in question were purchased by the plaintiff for commercial or business use, as distinguished from personal, family, or household use, and such equipment does not fall within the definition of "goods" as used in the statute. Chapter six A regulates installment sales of manufactured homes, and is, therefore, inapplicable to the transactions in question. Chapter seven regulates the charging of time price differentials in motor vehicle sales, and chapter eight merely sets forth the penalties for contracting for, charging or receiving interest, time price differentials or other charges greater than authorized.

The declaration of legislative intent preceding article 5069 indicates a desire to protect the citizens of this state from deceptive trade practices in certain areas of loans and credit sales and services where abuses had been noted. The legislature obviously intended to exercise regulatory control over the charging of time price differentials in connection with sales of motor vehicles, manufactured homes, and consumer "goods." Because the farming equipment in question does not fall within any of these specified categories, the charging of time price differentials with respect to these transactions is not governed by the provisions of article 5069. Therefore, the trial court did not err in granting the defendant's motion for summary judgment.

The trial court's judgment is affirmed.