Paul BRANTLEY, et ux., Appellants,

v.

Floyd SPRAGUE, et ux., Appellees.

No. 9040.

Court of Appeals of Texas,
Texarkana.

May 25, 1982.
Rehearing Denied June 29, 1982.

B. A. Britt, Jr., Harkness, Friedman, Kusin & Britt, Don Friedman, Friedman & Hooper, Texarkana, for appellants.

Charles L. Attaway, Texarkana, for appellees.

CORNELIUS, Chief Justice.

Appellees filed suit against appellants to establish the boundary line between their respective tracts of land. The appellants thereafter filed a separate suit against the appellees for damages, alleging they had burned a bridge on appellants' land. The two suits were later consolidated and tried as one case to a jury with appellees taking the position of plaintiffs. The court did not submit issues to the jury on money damages because it found no evidence to support them. The issue of the boundary's location was submitted to the jury in one issue as follows:

"From a preponderance of the evidence, find the true boundary line between the Sprague and Brantley tracts.

Answer by checking 'A' or 'B' below:

A) It is that as set forth in the Talley survey. _____

B) It is that as set forth in the Collins survey. _____

If you have answered by checking 'A' above, answer Question No. 2; otherwise, you will not answer Question No. 2."

The jury answered that the boundary was located in the Talley survey as contended by appellees.

The appeal asserts that a new trial should be ordered because the form of the jury issue denied appellants the right to have the burden of proof placed upon appellees to establish the location of their boundary, and in fact put the burden on appellants to prove its location in the Collins survey as they contended.

■ Appellants objected to the charge as follows:

"BY MR. BRITT:

"Now comes the Defendant at the close of the testimony and prior to the submission of the Charge to the jury and objects and excepts to the Charge on the following grounds, to-wit:

"Paul Brantley further objects and excepts to Special Issue, or Question Number 1 on the basis that it is not predicated upon the Deeds upon which the Spragues are relying, and further, that it places a burden upon the Brantleys with reference to the Collins survey which is not properly their's.

"That's all we have."

Appellees argue that the objection was insufficient because it was dictated to the court reporter in the absence of the trial judge and also was not definite enough to apprise the judge of the specific defect asserted. We agree that the objection was not sufficiently definite, and if it was dictated to the reporter in the judge's absence, it would also have been waived. Tex.R. Civ.P. 272 and 274; *McDonald v. New York Central Mutual Fire Insurance Co.*, 380 S.W.2d 545 (Tex.1964). However, a more compelling reason exists for refusing to require a new trial. Under our amended rules of civil procedure it is not necessary that the special issues place the burden of proof, but that may be accomplished by instructions. Tex.R.Civ.P. 277. The failure to submit an instruction does not constitute ground for reversal unless a substantially correct instruction has been requested in writing and tendered to the trial court by the party complaining of the judgment. Tex.R.Civ.P. 279; *Samford v. Duff*, 483 S.W.2d 517 (Tex.Civ.App.—Corpus Christi 1972, writ ref. n.r.e.); *Avant v. Gulf Coast Investment Corporation*, 457 S.W.2d 134 (Tex.Civ.App.—Dallas 1970, no writ); *Hickman v. Durham*, 213 S.W.2d 569 (Tex.Civ. App.—Eastland 1948, writ ref. n. r. e.). Suggesting the absence of such an instruction from the charge, or even making a specific objection to its absence, is not sufficient. A request for the instruction must be made separately from the objections to the charge. Tex.R.Civ.P. 273; *Avant v. Gulf Coast Investment Corporation*, supra.

The judgment is affirmed.